2016 IL App (3d) 140094

Opinion filed March 16, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-14-0094 |
| v. | ) ) | Circuit No. 06-CF-844 |
| THOMAS E. JONES, | ) ) | Honorable Walter D. Braud, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Justice Carter dissented, with opinion.

**OPINION**

¶ 1     Following an unsuccessful direct appeal, defendant, Thomas E. Jones, filed a *pro se*

petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2012)).  After

90 days passed, the petition advanced to the second stage and the trial court appointed counsel to

represent defendant.  Appointed counsel amended the petition arguing that defendant's appellate

counsel was ineffective for failing to raise arguments on direct appeal concerning evidence

presented at trial of the victim's autopsy photographs and a redacted video recording of

defendant's statements to police.

¶ 2      Following a hearing on the State's motion to dismiss, the trial court dismissed the petition at the second stage. Defendant appeals, arguing appointed counsel failed to provide reasonable assistance of postconviction counsel. Specifically, defendant argues that appointed counsel failed to satisfy his duty under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) to make amendments to his *pro se* petition necessary to adequately present the defendant's contentions. We reverse the order dismissing defendant's petition and remand the matter for further second-stage proceedings and the appointment of new postconviction counsel to amend the petition as necessary.

¶ 3                                              FACTS

¶ 4      Defendant was charged with first degree murder (720 ILCS 5/9-1(a)(2) (West 2006)) and aggravated battery of a child (720 ILCS 5/12-4.3(a) (West 2006)) based on the death of his two-month-old son, K.C. Both counts alleged that defendant "violently shook" K.C. causing his death.

¶ 5      Before trial, the State filed a motion *in limine* notifying defendant of its intent to present a redacted video recording of defendant's statements to police. In the redacted video recording, defendant demonstrated how he handled K.C. Defense counsel filed a motion *in limine* seeking to bar the State from introducing the redacted version of the video recording.

¶ 6      Defendant's motion argued:

> "[defense counsel] has been made aware that the State seeks the introduction of video and audio recordings of the Defendant's statements which would be edited to highlight certain respects of his interrogation or questioning by law enforcement representatives. It is improper to introduce into evidence audio recordings that have been changed, augmented, or deleted.

2

¶ 7    In arguing the motions before the trial court, the following colloquy occurred:

"[Defense Counsel]: Judge, these demonstrations are—I have seen them.  I have been through the evidence—are all in response to specific questions and a chain of questions leading up to the demonstrations ***.  That all needs to be played in context so the jury has that context in which to place his statements.  Just having blurps without context, Judge, is improper.

THE COURT:  What context are you talking about?

[Defense Counsel]: The questioning.  The series of questioning, what leads up to this.  Cleary & Graham in their handbook of Illinois Evidence, Judge, state that the federal courts established the elements of the foundation for these videotapes and audiotapes and Item 4 of what they enumerate, what needs to be made clear here, is that changes, additions, or deletions have not been made to the recording.  That's one of the requirements.  So snipping it, cutting it, putting it in difference places, cutting out pieces, that would be altering this evidence and it should be played in its entirety."

¶ 8    The State responded that it did not have an objection to playing the video in its entirety but noted that the unedited version of the video recording contained around eight hours of questioning.  The trial court reserved ruling on the issue.

¶ 9    After jury selection, but prior to opening statements, the trial court resumed discussion on the issue of the redacted video recording.  Defense counsel informed the trial court that he still objected to its introduction because he believed that "redacting, editing, or otherwise altering a video or audio recording is improper; that if the State seeks to introduce those—what they deem

are admission or the demonstrative portions, that the context of the entire interview" should be shown to the jury.

¶ 10     The trial court rejected defense counsel's argument and noted that "the State is entitled to present its case in the way that they wish to do it as long as it doesn't violate the rules of evidence, and there's no law that indicates that *** the State has to play the whole statement." The trial court then instructed defense counsel that he could introduce defendant's statements omitted from the redacted video recording, except defendant's exculpatory statements, "under the Completion Doctrine if it's applicable."

¶ 11     During the State's case-in-chief, the prosecution presented the redacted video recording of defendant's statements to police over defense counsel's renewed objection. Defense counsel did not present any additional video footage of defendant's statements during its case-in-chief.

¶ 12     While the jury began its deliberation, the trial court and parties went through the trial exhibits and discussed which exhibits should be given to the jury to review. After discussing the exhibits, the trial court determined, over defense counsel's objection, that it would allow the photographs of the victim's autopsy to go back to the jury. As to the redacted videotaped statement, the trial court determined that it would not allow the redacted video recording to go into the jury room while they deliberated.

¶ 13     Ultimately, the jury found defendant not guilty of first degree murder (720 ILCS 5/9-1(a)(2) (West 2006)) but guilty of aggravated battery of a child (720 ILCS 5/12-4.3(a) (West 2006)). Defense counsel filed a motion for new trial, arguing the trial court erred by allowing "redacted, edited and altered video evidence of the defendant's interrogation which highlighted specific statements without the context of the entire line of questioning and without showing the

4

lines of questioning that led to the highlighted portions that were admitted into evidence over defense objection."

¶ 14    At the hearing on the motion, the trial court acknowledged its prior ruling on the parties' motions *in limine* and that it had informed defense counsel that he could have sought to introduce other portions of the recorded statements "through completion" but did not. After denying the motion, the trial court sentenced defendant to 25 years' imprisonment.

¶ 15    On direct appeal, appellate counsel only argued that the trial court imposed an excessive sentence. This court affirmed defendant's sentence. *People v. Jones*, No. 3-08-4011 (2009) (unpublished order under Supreme Court Rule 23).

¶ 16    Subsequently, defendant filed a *pro se* petition for postconviction relief. Specifically, defendant argued that the trial court's evidentiary ruling (allowing the State to introduce the redacted version of his videotaped statements) denied him a fair trial because it: "(a) permitted the State to introduce pieces of the DVD interviews as the Prosecution saw fit; and (b) because it restricted the defense from playing the entire tape." Defendant argued that this evidentiary ruling denied him a fair trial because presenting the video recording without the line of questioning leading to the demonstrations misled the jury. Defendant also argued that the trial court denied him a fair trial by allowing the State to introduce the victim's autopsy photographs.

¶ 17    After 90 days passed, the trial court docketed the petition for second-stage proceedings and appointed counsel to represent defendant. Appointed counsel filed a certificate under Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) along with an amended postconviction petition. The amended petition alleged that defendant's appellate counsel was ineffective for failing to challenge the trial court's evidentiary rulings allowing: (1) the victim's autopsy photographs into evidence and providing those photographs to the jury during deliberations; and (2) "redacted

versions of defendant's statements to go to the jury before deliberations." The amended petition did not mention the unredacted version of defendant's videotaped statements or explain its absence from the petition.

¶ 18      The State responded to the amended petition arguing the photographs were properly introduced at trial to demonstrate and corroborate expert witness testimony regarding shaken baby syndrome. As to the redacted videotaped statements, the State argued that the statements were redacted because they contained material prejudicial to defendant and that defendant did "not allege what statements that were redacted would have helped [defendant] at trial."

¶ 19      At the second-stage hearing, appointed counsel explained that there were no claims of ineffective assistance of trial counsel, but all the claims were based on ineffective assistance of appellate counsel. In regard to the autopsy photographs, appointed counsel argued that the trial court erred in allowing them into evidence and providing them to the jury during deliberations because they were more prejudicial than probative. As to the redacted videotaped interview, appointed counsel argued, "the trial court had improperly allowed redacted versions of defendant's statement[s] to go back to the jury for deliberations" because those "statements were more prejudicial than probative." Appointed counsel concluded his argument by noting that appellate counsel was ineffective because the issues were preserved by trial counsel and could have been raised on direct appeal.

¶ 20      The State responded by questioning appointed counsel's ability to argue that the photographs and redacted videotaped statements were prejudicial when appointed counsel had not seen them. The State further noted that it could not be determined whether the redacted version of the videotaped statements was prejudicial when appointed counsel did not explain

how the videotape was prejudicial or refer to any statements redacted from the video recording that should have been left in the redacted statements.

¶ 21    Appointed counsel responded that the autopsy photographs were not attached to the amended petition because they were entered into evidence at trial and included in the trial record. Appointed counsel did not respond to the State's argument regarding the redacted video recording.

¶ 22    Following a brief recess, the trial court dismissed the amended petition. In its ruling, the trial court concluded that appellate counsel was not ineffective for failing to raise an issue regarding the photographs on direct appeal and dismissed the postconviction petition. At first, the trial court did not mention defendant's claim regarding the redacted videotaped statements. However, at the end of the hearing, defendant asked the trial court about the admission of his redacted videotaped statements. The trial court responded that it did not discuss the issue in detail because defendant's appointed counsel did not spend significant time on the issue. Then, the trial court rejected the claim by noting, "I don't know what the redaction is. I don't know what the redaction was for."

¶ 23                               ANALYSIS

¶ 24    On appeal, defendant argues that appointed counsel failed to provide reasonable assistance of postconviction counsel. Specifically, defendant argues that appointed counsel failed to make amendments to his *pro se* petition that were necessary for an adequate presentation of his postconviction claims regarding: (1) the redacted videotape of defendant's statements to the police; and (2) the victim's autopsy photographs. Upon review, we hold appointed counsel failed to provide reasonable assistance of postconviction counsel when

7

presenting defendant's redacted videotape claim. We do not reach defendant's argument regarding the victim's autopsy photographs.

¶ 25        A defendant is only entitled to a reasonable level of assistance from appointed counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) requires postconviction counsel to: (1) consult with the petitioner to ascertain his contentions of constitutional deprivation; (2) examine the record of the proceeding of the original trial; and (3) make any amendments to the *pro se* petition necessary to adequately present the petitioner's constitutional contentions.

¶ 26        Here, defendant acknowledges that appointed counsel is presumed to have provided defendant reasonable assistance of counsel because he filed a Rule 651(c) certificate. *People v. Mendoza*, 402 Ill. App. 3d 808, 813 (2010). However, he argues the record rebuts this presumption with respect to appointed counsel's third duty to make any amendments to the *pro se* petition that are necessary to adequately present defendant's contentions. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007).

¶ 27        Defendant first argues that appointed counsel provided unreasonable assistance of postconviction counsel because he failed to include a claim in the amended petition that trial counsel provided ineffective assistance of counsel. According to defendant, appointed counsel should have argued that trial counsel was ineffective by not introducing or making an offer of proof regarding the omitted portions of the redacted videotaped statements. The State responds by arguing that Rule 651(c) only requires appointed counsel to adequately present the claims actually raised in defendant's *pro se* petition (*i.e.*, defendant's claim that the trial court denied him a fair trial in allowing the State to present the redacted videotape). Thus, the State contends that appointed counsel was not obligated to raise an ineffective assistance of trial counsel claim

8

because defendant did not include it in his *pro se* petition. Defendant replies that including this allegation did not require appointed counsel to present a new claim. Rather, the amendment was necessary to adequately present defendant's *pro se* allegation that he was denied a fair trial when the sole presentation of the videotape at trial was in redacted form.

¶ 28    At the outset, we acknowledge that appointed counsel is not required to amend defendant's *pro se* postconviction petition if the *pro se* claims are adequately presented. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). Also, appointed "counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.) *People v. Davis*, 156 Ill. 2d 149, 164 (1993). However, the purpose of Rule 651(c) "is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *Perkins*, 229 Ill. 2d at 44. To that end, Rule 651(c) requires a showing that appointed counsel "took the necessary steps to secure adequate representation of petitioner's claims." *People v. Szabo*, 144 Ill. 2d 525, 532 (1991). Therefore, our analysis is guided by "the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by [statute] cannot be fully realized." *People v. Suarez*, 224 Ill. 2d 37, 51 (2007).

¶ 29    The substance of defendant's *pro se* videotape claim was that he wished to have the entire videotape statement presented to the jury. Specifically, defendant argued in his *pro se* petition that the trial court's evidentiary ruling allowing the State to introduce the redacted version of his videotaped statements denied him a fair trial because it: "(a) permitted the State to introduce pieces of the DVD interviews as the Prosecution saw fit; and (b) because it restricted the defense from playing the entire tape." Defendant then explained that omitting the statements (the line of questioning leading up to defendant's answers, as well as defendant's purported exculpatory

9

statements) from the redacted videotape misled the jury. Viewing these *pro se* allegations in conjunction with the facts that: (1) trial counsel argued extensively at trial that the omitted statements were necessary to defendant's defense; and (2) trial counsel then failed to present any additional video footage, including defendant's purported exculpatory statements; we find defendant's *pro se* allegations are sufficient to alert appointed counsel that defendant's contention encompassed not only a challenge to the trial court's evidentiary ruling, but also a claim that trial counsel provided ineffective assistance of counsel.

¶ 30     In coming to this conclusion, we note that this is not a case where appointed counsel would have had to comb through the entire record to discern this claim. See *People v. Rials*, 345 Ill. App. 3d 636, 641 (2003) (" '[P]ostconviction counsel is not required to comb the record for issues not raised in the defendant's *pro se* postconviction petition.' " (quoting *People v. Helton*, 321 Ill. App. 3d 420, 424-25 (2001)). Defendant's *pro se* petition identified the specific evidence (defendant's videotaped statements to police) and explicitly referenced the facts at issue (that the State presented the videotape without showing the entire line of questioning or including defendant's purported exculpatory statements). Defendant also included citations to the record to support the claim. We also emphasize again that the record clearly reveals that trial counsel argued extensively that the omitted statements were necessary to defendant's defense. Trial counsel then simply failed to present them when afforded the opportunity.

¶ 31     In addition, we hold that it was not only necessary for appointed counsel to raise the claim of ineffective assistance of trial counsel but also for appointed counsel to either allege facts regarding the content of those statements omitted from the redacted videotape or attach evidentiary support to the petition. To adequately present defendant's allegation, appointed counsel merely needed to attach an affidavit from defendant regarding the substance of those

10

statements or, preferably, attach the entire videotaped statement. Appointed counsel, however, failed to allege any facts regarding the redacted videotape or attach any evidentiary support to the amended petition. The consequence of appointed counsel's failure is best illustrated by the trial court's statement when dismissing the amended petition: "I don't know what the redaction is. I don't know what the redaction was for." When claims in the petition are "not supported by affidavits, records or other evidence, the trial court [has] no choice but to dismiss the post-conviction petition without an evidentiary hearing." *People v. Johnson*, 154 Ill. 2d 227, 245 (1993). Accordingly, we find the record rebuts the presumption that appointed counsel provided defendant with reasonable assistance of postconviction counsel.

¶ 32    Although not necessary to our disposition, we would be remiss if we did not call attention to the fact that appointed counsel not only failed to properly amend defendant's claim, but he also failed to tender an accurate factual summary at the second-stage hearing. Specifically, appointed counsel argued that it was improper for the trial court to allow the redacted version of the statements to go to the jury while it deliberated. Yet, a brief review of the record establishes that the trial court did *not* allow the redacted version of defendant's statements to go back to the jury.

¶ 33    Viewing the above facts in totality, we hold that this matter must be remanded in order for appointed counsel to adequately complete the duties mandated by Rule 651(c). See, *e.g.*, *Suarez,* 224 Ill. 2d 37; *Turner*, 187 Ill. 2d 406; *Johnson*, 154 Ill. 2d 227; *People v. Brown*, 52 Ill. 2d 227 (1972); *People v. Jones*, 43 Ill. 2d 160 (1969). "[R]emand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, *regardless* of whether the claims raised in the petition had merit." (Emphasis added.) *Suarez,* 224 Ill. 2d at 47.

11

¶ 34    In light of our finding that appointed counsel failed to satisfy the requirements of Rule 651(c) in presenting defendant's redacted videotaped statement claim, we do not reach defendant's alternative Rule 651(c) argument concerning the adequacy of appointed counsel's amendment to the victim's autopsy photographs claim. However, because we are remanding for new second-stage proceedings and for the inclusion of evidence of the entire videotaped statements, we also order appointed counsel to attach the victim's autopsy photographs to the newly amended petition.

¶ 35                                          CONCLUSION

¶ 36    The judgment of the circuit court of Rock Island County dismissing defendant's amended postconviction petition is reversed and the matter is remanded for the appointment of new counsel to amend the petition as directed. See *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 16; *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 19.

¶ 37    Reversed and remanded with directions.

¶ 38    JUSTICE CARTER, dissenting.

¶ 39    The majority reverses the dismissal of defendant's postconviction petition and remands the matter for new second-stage proceedings. I dissent on the grounds that defendant has failed to show that the record rebuts the presumption that appointed postconviction counsel provided him with reasonable assistance.

¶ 40    As the majority correctly acknowledges, appointed counsel in this case is presumed to have provided the requisite level of assistance because he filed a Rule 651(c) certificate. *Supra* ¶ 26. The majority then goes on to find that the record rebuts the presumption that appointed counsel satisfied the requirement of Rule 651(c) that appointed counsel make any amendments to

the *pro se* petition necessary to adequately present defendant's constitutional contentions regarding the redacted videotaped statements. *Supra* ¶ 30.

¶ 41 Here, defendant's *pro se* petition raised an issue related to the redacted video, but he argued the trial court denied him a fair trial when it allowed the State to present the redacted version of defendant's videotaped statements. Based on defendant's *pro se* allegation, Rule 651(c) only required appointed counsel to amend defendant's *pro se* claim regarding the trial court's evidentiary ruling. Appointed counsel fulfilled his obligation by amending the petition to raise the same underlying claim but, to avoid forfeiture, argued appellate counsel was ineffective for failing to challenge this evidentiary ruling on direct appeal. See *Turner*, 187 Ill. 2d at 413.

¶ 42 By contrast, the majority finds that defendant's *pro se* allegation is sufficient to alert counsel to raise the *novel* claim of ineffective assistance of trial counsel. *Supra* ¶ 30. Specifically, the majority finds appointed counsel should have included a claim that trial counsel was ineffective failing to make an offer of proof or introducing the statements omitted from the redacted videotaped statement. The majority's position cannot overcome the fact that defendant failed to make this argument in his *pro se* petition. Rule 651(c) did not obligate appointed counsel to raise this issue when he amended defendant's petition because such a claim is based on a wholly independent legal theory and facts. See *Davis*, 156 Ill. 2d at 164 ("Post-conviction counsel is only required to investigate and properly present the *petitioner's* claims." (Emphasis in original.)). Moreover, defendant conceded the majority's proposed issue when defendant argued in his *pro se* petition that trial counsel "rightfully decline[d]" moving to introduce the statements omitted from the redacted video even though he had the opportunity to do so during the defense's case-in-chief. Accordingly, I would find defendant has failed to overcome the presumption of Rule 651(c) with regard to the redacted videotaped statements.

¶ 43    In light of the majority's finding with regard to the videotaped statements, the majority

does not reach the issue of whether appointed counsel provided reasonable assistance.

Defendant argues appointed counsel was unreasonable when he failed to attach the photographs

to the amended petition.  Because I disagree with the majority's videotaped statement finding, I

will address defendant's argument regarding the victim's autopsy photographs.

¶ 44    Upon review, I would find that defendant failed to overcome the presumption created by

appointed counsel's Rule 651(c) certificate.  Notably, a defendant need not attach evidence

supporting his postconviction claim when the claim can be determined based on the record.

*People v. Harmon*, 2013 IL App (2d) 120439, ¶ 30 (citing *People v. Johnson*, 183 Ill. 2d 176,

191 (1998)).  Here, the contested photographs were entered into evidence at trial and included in

the trial record.  Thus, appointed counsel was under no obligation to attach the photographs to

the amended petition.

¶ 45    Accordingly, I would affirm the trial court's decision dismissing defendant's

postconviction petition.