2016 IL App (3d) 150644

Opinion filed  July 27, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
|---|---|---|
| ILLINOIS, | ) | of the 10th Judicial Circuit, |
| | ) | Peoria County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-15-0644 |
| v. | ) | Circuit No. 02-CF-638 |
| | ) | |
| JIMMY E. THOMPSON, | ) | Honorable |
| | ) | John P. Vespa, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1       Defendant, Jimmy E. Thompson, appeals from the second-stage dismissal of his *pro se*

postconviction petitions. Defendant argues that his postconviction counsel failed to provide

reasonable assistance because counsel did not obtain and review defendant's pretrial mental

health records to shape defendant's *pro se* claim that he was unfit to waive his constitutional

right to trial counsel. We reverse the order dismissing defendant's *pro se* postconviction

petitions and remand the matter for further second-stage proceedings for postconviction counsel

to obtain and review defendant's pretrial mental health records and amend the petitions as necessary.

¶ 2                                                                                  FACTS

¶ 3        In July 2003, after a trial in which defendant waived his right to counsel, a jury found defendant guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2002)). Prior to the sentencing hearing, defendant filed several motions and letters in the trial court. Relevant to this appeal is defendant's allegation that he was "mentally unstable" and that there was "no way" he could defend himself at trial.

¶ 4        On March 20, 2013, the trial court conducted a sentencing hearing. At the hearing, the court denied defendant's *pro se* posttrial motions and asked defendant if there were any corrections to be made to the presentence investigation report (PSI). Defendant told the trial court that the PSI did not include defendant's statement that he "hears things, see things" or defendant's pretrial mental health records from the "Zeller Zone" mental institution. The mental health records were never added to the PSI. Ultimately, the trial court sentenced defendant to 30 years' imprisonment. The same day, the trial court appointed counsel to represent defendant.

¶ 5        On June 6, 2003, defendant's counsel filed an untimely motion to reconsider defendant's sentence. The trial court treated the motion as timely but otherwise denied the motion. Defendant's counsel filed a notice of appeal on June 11, 2003. This court dismissed the appeal upon appellate counsel's motion because defendant's motion to reconsider his sentence was untimely and the time for filing a motion to file a late notice of appeal had already expired.

¶ 6        In February 2005, defendant filed a *pro se* postconviction petition (2005 petition). The 2005 petition alleged, in relevant part, that defendant was denied his constitutional right to an

appeal from his conviction due to ineffective assistance of counsel. Defendant also alleged that while in prison, he was diagnosed with schizophrenia. According to defendant, at the time of trial he "did not know his mental state of mind or his illness in order to state his mental legal disabilities in order to stand trial or represent himself or plead insanity in his defense." The trial court summarily dismissed the 2005 petition, and defendant appealed.

¶ 7        On appeal, this court found that counsel's ineffectiveness in failing to perfect a timely appeal constituted a substantial constitutional violation. *People v. Thompson*, No. 3-05-0205 (2007) (unpublished order under Supreme Court Rule 23). However, this court noted that it did not have authority to grant defendant's request to reinstate his direct appeal or order the trial court to allow defendant to file a late notice of appeal. Nevertheless, because the trial court had authority to grant other postconviction relief for the constitutional deprivation, this court remanded for further postconviction proceedings. This court made no finding on defendant's claim that he was unfit to waive his right to trial counsel.

¶ 8        On remand, defendant was appointed counsel, Kevin Lowe. Lowe informed the trial court that he wanted to obtain defendant's mental health records to support defendant's claim that he was unfit to waive his right to trial counsel. The trial court issued a subpoena to Comprehensive Community Mental Health North Central Illinois for defendant's "mental health records while he was a patient at Zeller-Zone in Peoria." The trial court issued a second subpoena to "H. Douglas Singer Mental Health Center" for defendant's "mental health records while he was a patient at Zeller-Zone in Peoria, IL."

¶ 9    On July 9, 2008, the trial court conducted an *in camera* review of defendant's mental health records from "DHS Singer Mental Health Center."[1] The written order corresponding to the trial court's *in camera* review indicated that the court turned the records over to the State for further disclosure in discovery. The order noted that the records were otherwise confidential and that "no counsel may further copy, or disclose the records to any third person other than disclosure to the Defendant, without leave of the court." On July 11, 2008, the trial court entered a written order indicating that defendant's records from "Singer Center" shall be produced to defendant's attorney (Lowe), with instruction to provide a copy of the records to the State. Those records are not part of the appellate record.

¶ 10    While defendant's revived 2005 petition remained pending,[2] Lowe filed a motion for leave to file a late notice of appeal. The motion requested that defendant be allowed to appeal from his conviction and sentence. Lowe noted that this court had previously remanded for further postconviction proceedings, finding defendant's prior counsel's failure to timely perfect defendant's direct appeal constituted a substantial constitutional violation. Lowe also noted that this court had determined that it did not have authority to reinstate defendant's appeal from his conviction and sentence. Relying on *People v. Ross*, 229 Ill. 2d 255 (2008), Lowe argued that the trial court had authority to grant a late notice of appeal as postconviction relief, thereby allowing defendant an opportunity to appeal from his conviction and sentence. The trial court granted the motion but noted that defendant's revived 2005 petition otherwise remained pending. No further proceedings were held on the revived 2005 petition until after defendant's direct appeal.

---

[1]Although not clear from the record, both parties on appeal appear to consider the Singer Center records as also including the Zeller Zone records.

[2]We use the term revived due to our previous remand. For clarity, we will use this terminology when referring to this petition.

¶ 11       On appeal from defendant's conviction and sentence, defendant raised several issues, but he did not raise the issue of his ability to waive his right to counsel. Ultimately, this court affirmed defendant's conviction and sentence. *People v. Thompson*, No. 3-08-0763 (2010) (unpublished order under Supreme Court Rule 23).

¶ 12       On April 13, 2011, defendant filed a second *pro se* postconviction petition (2011 petition), which he labeled as a successive postconviction petition. At the time defendant filed the 2011 petition, the trial court had not ruled on defendant's revived 2005 petition. The 2011 petition alleged, in pertinent part, that defendant was unfit to waive his right to trial counsel. To support this claim, defendant attached his posttrial mental health records. This included a mental health evaluation from Western Illinois Correctional Center (dated April 24, 2003), which indicated that defendant was diagnosed with psychotic disorder not otherwise specified, major depression, and alcohol abuse. Defendant also attached a mental health evaluation from Illinois River Correctional Center (dated March 26, 2006), which indicated that defendant was diagnosed with schizophrenia. In addition, defendant attached a mental health treatment plan (dated December 27, 2007), which indicated that defendant was being treated with psychotropic medication. The 2011 petition did not include defendant's pretrial mental health records.

¶ 13       On July 7, 2011, the trial court denied defendant leave to file a successive petition because the 2011 petition did not satisfy the cause and prejudice test. The trial court did not make a determination on defendant's revived 2005 petition.

¶ 14       On July 26, 2011, defendant filed a notice of appeal from the trial court's denial of his motion for leave to file his 2011 petition. While defendant's appeal was pending, defendant filed a motion to supplement his 2011 petition. Like the 2005 and 2011 petitions, defendant's motion argued that he was unfit to waive his right to trial counsel. Attached to the motion are several

pages of records that defendant alleged were from his hospitalization at the Zeller Zone mental health facility in the 1990s. The records appear incomplete but included references to defendant being diagnosed with alcohol dependence, cocaine abuse, and antisocial personality disorder. Defendant's motion sought to attach these records to defendant's 2011 petition. The record on appeal does not show that the motion was ever considered by the trial court.

¶ 15 On appeal from the denial of defendant's 2011 petition, this court held that the trial court erred in treating defendant's 2011 petition as a successive petition. *People v. Thompson*, 2013 IL App (3d) 110824-U, ¶ 19. As a result, this court remanded for further postconviction proceedings with direction to treat defendant's 2011 petition as either an amendment to his 2005 petition or as a new petition.

¶ 16 On remand, defendant was appointed new postconviction counsel, Thomas Sheets. Sheets did not amend defendant's petitions, and on February 24, 2014, Sheets filed a Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) certificate. In October 2014, Sheets withdrew as counsel for defendant due to a conflict of interest. The trial court then appointed new postconviction counsel, Samuel Snyder.

¶ 17 On July 17, 2015, Snyder filed a Rule 651(c) certificate. Snyder did not amend defendant's 2005 or 2011 petitions. The same day, the State filed a motion to dismiss defendant's revived 2005 and 2011 petitions.

¶ 18 At the hearing on the State's motion to dismiss, defendant complained that Snyder did not comply with Rule 651(c) because Snyder did not amend defendant's *pro se* petitions. The trial court asked Snyder to respond to defendant's complaint. Snyder represented that he exchanged letters with defendant, discussed the case with him, and determined that defendant's claims did not need to be amended. Snyder also asserted that he had been "more than compliant"

6

with Rule 651(c). The trial court determined that Snyder's Rule 651(c) certificate was "fine" and took the State's motion to dismiss under advisement. On August 11, 2015, the trial court entered a written order granting the State's motion and dismissed defendant's 2005 and 2011 *pro se* postconviction petitions.

¶ 19                                                                    ANALYSIS

¶ 20        At the outset, we note that defendant only argues that postconviction counsel performed unreasonably in presenting his claim that he was unfit to waive his constitutional right to trial counsel. As a result, the remaining allegations in defendant's postconviction petitions are forfeited. *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006).

¶ 21        On appeal, defendant argues that postconviction counsel failed to obtain and review his pretrial mental health records in order to make amendments to defendant's *pro se* petition. Defendant contends that a review of these records was necessary for an adequate presentation of defendant's claim that he was unfit to waive his right to trial counsel.

¶ 22        In postconviction proceedings:

> "A defendant is only entitled to a reasonable level of assistance from [postconviction] counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) requires postconviction counsel to: (1) consult with the petitioner to ascertain his contentions of constitutional deprivation; (2) examine the record of the proceeding of the original trial; and (3) make any amendments to the *pro se* petition necessary to adequately present the petitioner's constitutional contentions." *People v. Jones*, 2016 IL App (3d) 140094, ¶ 25.

7

"[T]he purpose of Rule 651(c) 'is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court.' " *Id*. ¶ 28 (quoting *Perkins*, 229 Ill. 2d at 44). "To that end, Rule 651(c) requires a showing that [postconviction] counsel 'took the necessary steps to secure adequate representation of petitioner's claims.' " *Id.* (quoting *People v. Szabo*, 144 Ill. 2d 525, 532 (1991)).

¶ 23         "Here, defendant acknowledges that [postconviction] counsel is presumed to have provided defendant reasonable assistance of counsel because he filed a Rule 651(c) certificate." *Id.* ¶ 26 (citing *People v. Mendoza*, 402 Ill. App. 3d 808, 813 (2010)). However, he argues the record rebuts this presumption with respect to postconviction counsel's third duty—to make any amendments to the *pro se* petition that are necessary to adequately present defendant's contentions. *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007). Because postconviction counsel did not obtain and review defendant's pretrial mental health records, we hold that the record rebuts the presumption that counsel took the steps necessary to adequately present defendant's claim.

¶ 24         In the present case, defendant's 2005 and 2011 petitions alleged that he was unfit to waive his constitutional right to counsel at trial because he had been diagnosed with schizophrenia and had been institutionalized twice prior to trial. Defendant identified the relevant pretrial mental health records, but defendant never attached those records to either of his *pro se* petitions. Defendant's allegations placed counsel on notice of the evidence needed to support defendant's claim. Postconviction counsel had an obligation to, at a minimum, "attempt to obtain evidentiary support for claims raised in the post-conviction petition." *People v. Johnson*, 154 Ill. 2d 227, 245 (1993). Postconviction counsel, however, failed to take any steps to obtain or review defendant's pretrial mental health records. We note postconviction counsel could have obtained

8

said records via leave of court. Instead, postconviction counsel decided to merely stand on the arguments set forth in defendant's *pro se* petitions, which lacked evidentiary support. The consequence of postconviction counsel's failure is clear: when claims in a petition are "not supported by affidavits, records or other evidence, the trial court [has] no choice but to dismiss the post-conviction petition without an evidentiary hearing." *Id*. Accordingly, we find the record rebuts the presumption that postconviction counsel provided defendant with reasonable assistance.

¶ 25    In reaching this conclusion, we reject the State's argument that postconviction counsel reviewed defendant's pretrial mental health records because defendant's former postconviction counsel possessed the documents. We find the State's reliance on this fact misplaced. The question presented in this appeal is not whether defendant's former attorney possessed the mental health records but, instead, whether defendant's current postconviction counsel reviewed the records. As discussed above, we find no evidence in the record that defendant's current counsel reviewed those records.

¶ 26    In addition, we reject the State's argument that defendant forfeited the fitness argument by failing to raise it on appeal from his conviction and sentence. The relevant pretrial mental health records were not part of the record when defendant filed his appeal. In postconviction proceedings, where the facts relating to a claim do not appear on the face of the original record, forfeiture principles will be relaxed. *People v. Eddmonds*, 143 Ill. 2d 501, 528 (1991).

¶ 27    "Viewing the above facts in totality, we hold that this matter must be remanded in order for [postconviction] counsel to adequately complete the duties mandated by Rule 651(c)." *Jones*, 2016 IL App (3d) 140094, ¶ 33 (citing *People v. Suarez*, 224 Ill. 2d 37 (2007)). " '[R]emand is required where postconviction counsel failed to fulfill the duties of consultation, examining the

9

record, and amendment of the *pro se* petition, *regardless* of whether the claims raised in the petition had merit.' " (Emphasis in original.) *Id*. (quoting *Suarez*, 224 Ill. 2d at 47).

¶ 28    In closing, we acknowledge that it appears *portions* of defendant's pretrial mental health records were attached to defendant's *pro se* motion to supplement his postconviction petitions and are included in the record on appeal. It appears from the record that the motion was never considered by the trial court. Moreover, we emphasize the health records appear incomplete in that the page numbering shows that pages are missing from the records. Neither party in the instant appeal addressed this fact in their briefs. We believe the above facts support our ultimate conclusion that remand is necessary at this stage of the proceedings.

¶ 29                                    CONCLUSION

¶ 30    The judgment of the circuit court of Peoria County dismissing defendant's postconviction petitions is reversed and the matter is remanded for postconviction counsel to obtain and review defendant's pretrial mental health records and to amend the petition as necessary.

¶ 31    Reversed and remanded with directions.