NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220020-U

NO. 4-22-0020

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 27, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| JIMMY THOMPSON, | ) | No. 02CF638 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court dismissed the appeal for lack of jurisdiction where defendant
did not appeal from the entry of a final judgment or order.

¶ 2    Following a jury trial, Jimmy Thompson, acting *pro se*, was found guilty of armed

robbery (720 ILCS 5/18-2(a)(2) (West 2002)) and sentenced to 30 years' imprisonment.

Defendant now appeals from the trial court's order denying his request for second-stage

postconviction counsel and allowing him to withdraw his postconviction petition, arguing that

the trial court denied his statutory right to postconviction counsel by refusing to appoint counsel.

We dismiss this appeal for lack of jurisdiction.

¶ 3                                I. BACKGROUND

¶ 4    In July 2002, the State charged defendant with armed robbery (720 ILCS

5/18-2(a)(2) (West 2002). The charge arose out of events occurring on July 6, 2002, in which

defendant stopped the victim on the street at 11:30 p.m., pulled out a gun, and told the victim, "Give me the stuff," leading the victim to hand defendant $300.

¶ 5    Prior to trial, defendant was represented by the public defender. In January 2003, defendant moved to represent himself, alleging that counsel was not communicating with him or taking actions that defendant desired in connection with the case. The trial court granted defendant's motion to represent himself.

¶ 6    Defendant's trial commenced in January 2003. At the conclusion of trial, the jury found defendant guilty of armed robbery. Prior to the sentencing hearing, defendant filed several motions and letters in the trial court alleging, in relevant part, that he was "mentally unstable," that he heard and saw things that were not there, and that he was unable to represent himself. At the sentencing hearing in March 2003, defendant informed the trial court that the presentence investigation report did not include his pretrial mental health records from "Zeller Zone," a mental health facility. The trial court denied defendant's posttrial motions and sentenced him to 30 years' imprisonment.

¶ 7    Thereafter, at defendant's request, the court appointed the public defender. Defendant's counsel filed an untimely motion to reconsider sentence on June 6, 2003. The trial court considered the motion as if it were timely but ultimately denied it. Counsel filed a notice of appeal on June 11, 2003. However, the Third District of the Illinois Appellate Court later dismissed the appeal on counsel's motion because defendant's motion to reconsider sentence was untimely, and the time for filing a motion to file a late notice of appeal had already expired.

¶ 8    In February 2005, defendant filed a *pro se* postconviction petition. Defendant alleged, in part, that his counsel was ineffective for failing to perfect his right to a direct appeal. Defendant also alleged that he was incompetent to waive his right to an attorney at trial because

he was "mentally ill." The trial court summarily dismissed the petition. However, the Third District reversed and remanded for second-stage proceedings, holding that defendant's claim that counsel failed to perfect his appeal constituted a substantial constitutional violation. *People v. Thompson*, No. 3-05-0205 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9    On remand, the trial court appointed Kevin Lowe as defendant's counsel. Lowe informed the court that he wanted to obtain defendant's mental health records to assess defendant's claim that he was mentally incompetent. In May 2008, the court subpoenaed defendant's "mental health records while he was a patient at Zeller-Zone in Peoria." The court reviewed the records *in camera* and gave them to the State "for further disclosure in discovery."

¶ 10    In July 2008, while defendant's 2005 postconviction petition remained pending, Lowe filed a motion for leave to file a late notice of direct appeal, which was granted. On direct appeal, the court affirmed defendant's conviction and sentence. *People v. Thompson*, No. 3-08-0763 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11    In April 2011, defendant filed a second *pro se* postconviction petition, which he labeled as a "successive" postconviction petition. Defendant argued, *inter alia*, that he had a "mental illness" and was "not suitable to waive his *** right to counsel [*sic*]." To support that claim, defendant attached several posttrial mental health evaluations, which indicated that he had been diagnosed with a psychotic disorder not otherwise specified, major depression, alcohol abuse, and schizophrenia. The records also stated that he had been prescribed Prozac, Zyprexa, Thorazine, and Fluoxetine. Defendant also argued that his postconviction counsel was ineffective for failing to amend the 2005 postconviction petition. In July 2011, the trial court denied leave to file a successive postconviction petition. The Third District reversed and remanded, holding that, since the 2005 postconviction petition had not yet been addressed, the "successive" petition

should have been viewed as an amendment to the 2005 petition. *People v. Thompson*, 2013 IL App (3d) 110824-U, ¶ 19.

¶ 12 On remand, the trial court appointed new postconviction counsel, Kevin Sheets. Sheets did not amend defendant's postconviction petitions. In March 2014, Sheets filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), indicating that he had consulted with defendant to ascertain his contentions, examined the trial record, and made any necessary amendments to defendant's postconviction petitions. Sheets ultimately withdrew due to a conflict. The court appointed a new assistant public defender, Samuel Snyder. Snyder also did not amend defendant's 2005 or 2011 postconviction petitions, and in July 2015, Snyder filed a Rule 651(c) certificate.

¶ 13 On July 17, 2015, the State filed a motion to dismiss defendant's postconviction petitions, arguing that defendant's claims were meritless, barred by *res judicata*, or forfeited. The trial court granted the motion to dismiss. The Third District reversed and remanded for further second-stage proceedings, concluding that postconviction counsel was obligated to obtain and review defendant's pretrial mental health records and amend the petitions as necessary. *People v. Thompson*, 2016 IL App (3d) 150644, ¶ 30.

¶ 14 On remand, the trial court, in January 2017, noted that new postconviction counsel needed to be appointed because Sheets was no longer employed by the public defender's office. In April 2017, Chandra Justice appeared for defendant, but in January 2018, the trial court stated that Justice had been reassigned to other duties in the public defender's office and would no longer represent defendant. Assistant Public Defender Dennis Merkley was assigned to represent defendant, but the court noted on May 10, 2019, that he had resigned. Thereafter, Assistant Public Defender Maggi Wettstein was assigned to represent defendant.

¶ 15 In March 2021, Wettstein filed a supplemental postconviction petition. The supplemental postconviction petition "incorporate[d] by reference all of the arguments" in defendant's 2005 and 2011 postconviction petitions, including that he received ineffective assistance of counsel and that his right to due process was violated because he was allowed to represent himself at trial while mentally ill. Wettstein attached defendant's pretrial mental health records. Records from 1990 indicated, *inter alia*, that defendant had been diagnosed with antisocial personality disorder, alcohol dependence, and adjustment disorder with depressed mood. The records further stated that defendant had a "poor" "calculating ability," was impulsive, and exhibited suicidal gestures. Wettstein also filed a Rule 651(c) certificate.

¶ 16 At a hearing on September 3, 2021, Wettstein informed the trial court that defendant had become "very displeased" with her representation. Wettstein explained that defendant wanted to raise additional issues, which she did not believe were "on the table" because there was "only one issue which the Appellate Court has sent back, which is the mental health issue." Wettstein explained that she "would need to withdraw as counsel" if defendant was requesting the presentation of additional arguments.

¶ 17 On November 4, 2021, the State filed a supplemental motion to dismiss defendant's postconviction petition, alleging that defendant's mental illness claim was meritless because defendant did not allege that he was unfit at the time of trial.

¶ 18 On November 5, 2021, Wettstein moved to withdraw as counsel, noting that she and defendant were "no longer seeing eye to eye." Wettstein explained that she and defendant "definitely conflict over where this case is going and over additional issues that [defendant] wants raised." Wettstein asserted that she was "not inclined, after having reviewed the file and all of those other [appellate] opinions, to add any issues, and that is our conflict at this point."

The trial court allowed counsel to withdraw and informed defendant that he was "not going to be reappointed counsel." Defendant asked if he was "being denied counsel because [Wettstein] wants to withdraw," and the court responded, "That's not the reason you are being denied counsel." The court set a hearing on the State's motion to dismiss for December 10, 2021, and informed defendant that if he wished to hire his own counsel, he could do so.

¶ 19            On December 10, 2021, defendant filed a *pro se* motion requesting new counsel. At the hearing, the State reminded the court that defendant and Wettstein "had a falling out" because, contrary to defendant's wishes, Wettstein "did not want to add any" issues beyond the "one specific [mental health] issue" that had been sent back by the appellate court. Defendant, in turn, informed the court that, because Wettstein had "filed a motion on [his] behalf" but had since withdrawn, he did not want to proceed on that motion. The court asked defendant, "So you are asking to withdraw the supplemental petition for postconviction relief; is that right?" Defendant answered, "From her, yes. And I'm asking for what I asked for on my motion up there." The court then ruled that, per defendant's request, it would "allow [defendant] to withdraw the supplemental petition for postconviction relief" but that it would deny his motion for counsel because he was not "entitled to counsel at this time." The court noted that "that leaves nothing pending at this time" and that defendant would "get *** a copy of the order."

¶ 20            Defendant's notice of appeal indicates that he now appeals from a "Dismissal of Post-Conviction Petition" dated December 10, 2021. The record on appeal contains no document titled "Dismissal of Post-Conviction Petition," but it does contain a document titled "Post-Conviction Petition Order" that is dated December 10, 2021. That document provides, "The Defendant's motion for new attorney is Denied. The Defendant's motion to withdraw the supplemental petition is GRANTED." This document is unsigned and is not file stamped.

Additionally, the certified "case summary" in the record on appeal does not indicate that any order or judgment was entered on December 10, 2021, or that a "Post-Conviction Petition Order" or "Dismissal of Post-Conviction Petition" was ever entered.

¶ 21                              II. ANALYSIS

¶ 22        Defendant argues that the trial court deprived him of his statutory right to postconviction counsel by allowing his counsel to withdraw and refusing to appoint new counsel. The State responds that we lack jurisdiction because defendant does not appeal from a final judgment.

¶ 23        We have an independent duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is lacking. *People v. Jenkins*, 303 Ill. App. 3d 854, 856 (1999). Rule 651 allows an appellate court to review an "appeal from a final judgment of the circuit court in any postconviction proceeding." Ill. S. Ct. R. 651(a) (eff. July 1, 2017). A "final judgment" is a determination by the trial court on the issues presented by the pleadings that ascertains and fixes the rights of the parties. *People v. Shinaul*, 2017 IL 120162, ¶ 10. Thus, a judgment or order is "final and appealable if it determines the litigation on the merits such that the only thing remaining is to proceed with execution of judgment." *Shinaul*, 2017 IL 120162, ¶ 10.

¶ 24        Here, no order denied, dismissed, or otherwise ruled on the merits of defendant's postconviction petition. At the December 10, 2021, hearing, the trial court denied defendant's motion for the appointment of counsel and merely allowed defendant, per his request, to withdraw his supplemental postconviction petition. Because the trial court made no determination on the issues presented in defendant's postconviction petition, nor did the court determine the litigation on the merits, the trial court's order was not final for purposes of appeal. *Shinaul*, 2017 IL 120162, ¶ 10.

¶ 25    Even if we could conclude that the trial court had determined the litigation on the merits, we would nevertheless lack jurisdiction here. The Post-Conviction Hearing Act provides that "[a]ny final judgment entered upon such petition shall be reviewed in a manner pursuant to the rules of the Supreme Court." 725 ILCS 5/122-7 (West 2020). Illinois Supreme Court Rule 272 (eff. Jan.1, 2018) provides, in part:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record.".

A written judgment order is considered "entered" when it is entered of record. *People v. Perez*, 2014 IL 115927, ¶ 29.

¶ 26    Here, although defendant's notice of appeal indicates that he is appealing from a "Dismissal of Post-Conviction Petition" entered on December 10, 2021, no such document appears in the record, and the certified "case summary" does not reflect that any such judgment or order was ever entered. Similarly, although a document titled "Post-Conviction Petition Order" does appear in the record on appeal indicating that defendant's request for postconviction counsel was denied and that his request to withdraw his postconviction petition was granted, that document is unsigned, no file stamp appears on it, and the "case summary" includes no notation that the document was ever entered. Because the record does not reflect that any final order or judgment has been entered, this court is without jurisdiction, and this appeal must be dismissed.

See *People v. Durley*, 203 Ill. App. 3d 731, 736 (1990) (dismissing appeal because, although judicial driving permit order bore date on which judge signed it, there was no file stamp, and no notation of judgment was entered of record).

¶ 27                                                III. CONCLUSION

¶ 28             For the reasons stated, we dismiss this appeal for lack of jurisdiction.

¶ 29             Appeal dismissed.