THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY OLIVER, Defendant-Appellant.

Second District (2nd Division)    No. 75-179

Opinion filed May 19, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of deviate sexual assault, robbery and burglary following a jury trial. He was sentenced to 5-15 years' imprisonment, the sentences to be served concurrently. He appeals, contending that the trial court erred in denying his motion to suppress evidence, that the evidence is insufficient to prove him guilty of deviate sexual assault beyond a reasonable doubt, and that the robbery conviction should be vacated as a product of the same motivation required for the burglary conviction.

Defendant argues that the proof at the hearing on his motion to suppress evidence is insufficient to show that the police had probable cause to make a warrantless arrest of defendant in his apartment and that therefore the evidence of the crime discovered in a search of the room incident to the arrest should have been suppressed.

On November 1, 1973, the date of the alleged crimes, defendant shared a room and bath in the Genesis House, a "Half-Way House" in Rockford with one Steven Johnson. In the afternoon of that date defendant opened his door in response to a police announcement and a number of police officers entered with guns drawn. The exact moment of defendant's formal arrest is not clear from the evidence but it is clear that defendant was at no time free to leave after the entry of the officers. The police searched defendant and searched the room, discovering a purse and a

wallet taken from the complainant and her husband together with items of clothing allegedly worn by defendant at the scene of the crimes.

As brought out in the suppression hearing, Investigator Wright of the Rockford Police Department, while on duty in his car at approximately 4:45 p.m. on November 1, 1973, received a radio report of a home invasion "of some type of cutting or stabbing" in the 500 block of Grove Street in Rockford. In the report the attacker was described as a male Negro who was armed with a gun, wearing a blue denim jacket, green work pants and a red and white stocking cap. Upon investigation the officer who responded to the call found that there had not been a stabbing but that there had been a robbery with a gun and an attempted assault. On the way to the area of the reported crime, Officer Wright received another radio report that an Officer Nelson had stopped a man in the alley in the 400 block of East State Street near the Grove Street address. The person stopped was identified as the defendant Terry Oliver. He was wearing a blue denim jacket, green pants and a grey stocking cap with yellow and black stripes on it. Upon a check with the complainant the police were again told that the attacker wore a red and white striped hat and therefore Oliver was released.

It was next reported over the police radio that a Steven Johnson and two other unidentified people had been given the description of the attacker and that Johnson, who was defendant's roommate, had stated to an officer that it "sounded like" a description of the defendant. At approximately 5:15 p.m. there was a report of another attempted assault in the area with the advise that the person might be in a tavern on East State Street. Officer Wright checked this information out without results. At approximately 5:45 Officer Wright received a radio call that Officer Moeller, a parole officer, had observed Terry Oliver return to his room at the Genesis House and that it was thought he might be armed with a gun. Wright went to the Genesis House with other officers at which time Moeller told them that Oliver had come in with something stuffed under his shirt which the parole officer thought might be a gun. The police then went upstairs. Officer Wright saw papers, jewelry and change on the floor of the bathroom. He also saw a lady's purse in a wastebasket on the floor of the bathroom, observed a denim jacket with observable blood stains on it and a yellow and black striped stocking cap on the bed.

■■ The test to be applied to an inquiry as to the existence of probable cause to make a warrantless arrest is whether the facts and circumstances within the officer's knowledge at the time of the arrest and of which he possessed reasonably trustworthy information are sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense. (See *Beck v. Ohio*, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 145, 85 S. Ct. 223, 225 (1964).) See also *People v. Higgins*, 50 Ill. 2d

221, 227 (1972); *People v. Peak*, 29 Ill. 2d 343, 348 (1963).) The rule is a practical, non-technical conception. (*Beck v. Ohio*, 379 U.S. 89, 91, 13 L. Ed. 2d 14w, 145, 85 S. Ct. 223, 226 (1964); *People v. Clay*, 55 Ill. 2d 501, 504-505 (1973).) Thus probable cause may be founded on hearsay evidence and generally on evidence less than that necessary for a conviction. (*People v. Denham*, 41 Ill. 2d 1, 5 (1968); *People v. Colbert*, 10 Ill. App. 3d 758, 760 (1973).) An arrest without a warrant based upon reasonable cause is not affected by the failure to obtain a warrant despite ample time to do so. See *United States v. Watson*, ___ U.S. ___, 46 L. Ed. 2d 598, 96 S. Ct. 820 (1976).

Defendant argues that the information known to the arresting officer at the time of the arrest would lead him, as a prudent man, to believe that an offense had been committed but not that defendant had committed the crime. He reasons that the "tip" from Steven Johnson did not afford probable cause because defendant had already been stopped relative to the Grove Street incident and had been released because his description did not match that of the suspect; thus that this was not additional information because the officer had already determined that although it may have "sounded like" defendant it was in fact not the defendant. Defendant also argues that there was no showing that Steven Johnson was a reliable informant (see *Wong Sun v. United States*, 371 U.S. 471, 480, 9 L. Ed. 2d 441, 451, 83 S. Ct. 407, 413 (1963)). But see *People v. Hester*, 39 Ill. 2d 489, 514 (1968), holding that the usual requirement of prior reliability which must be met when police act upon "tips" from professional informers does not apply to information supplied by ordinary citizens. See also *People v. Evans*, 32 Ill. App. 3d 865, 868 (1975).

■■ We do not find defendant's argument persuasive under the particular facts and circumstances of this case. The totality of the facts known to the arresting officer included knowledge that two crimes involving assault had been committed within short distances of each other, within a time span of approximately one-half hour, by a person or persons of a similar description and whose description substantially matched the reported information available to the police. The slight discrepancy between the description of the attacker and the defendant, particularly as to the color of his hat, did not serve to eradicate probable cause. (See *People v. Gwin*, 49 Ill. 2d 255, 258-59 (1971). See also *People v. Fultz*, 32 Ill. App. 3d 317, 340-41 (1975). *Cf. People v. John*, 5 Ill. App. 3d 544, 546 (1972).) The conclusion of Moeller that the defendant might be armed based on his observation that defendant had something stuffed under his jacket in itself amounted to a mere suspicion which alone could not be the basis for a finding of probable cause. However, the observation of the time and place taken in conjunction with the other probabilities

within the knowledge of the police was an additional factor in the chain of probable cause. We conclude that the arrest was based on probable cause and that therefore the trial court properly denied defendant's motion to suppress the evidece.

The defendant next contends that he was not guilty of a charge of deviate sexual assault (Ill. Rev. Stat. 1973, ch. 38, par. 11—3)[1] because the evidence is insufficient to prove the essential element of the offense, that his penis touched the anus of the complaining witness. After a careful review of the testimony in the record we are of the opinion that the direct examination of the complaining witness shows that she was quite unknowledgeable as to the meaning of the terms used in questioning based upon the statute defining the offense. She did not precisely testify to the penis-anus touching but characterized defendant's conduct by a reference to "in my butt." There was also testimony that the complaining witness had stated out of court in her husband's presence that the defendant's penis went along her "cheeks."

■■ Penetration is not an element of deviate sexual assault. (See *People v. Anderson*, 20 Ill. App. 3d 840, 851 (1974).) However, the statute requires proof of an act of deviate sexual conduct which under the circumstances here would require the proof of an act involving the sex organs of the defendant and the anus of the complaining witness. (*Cf. Easy Life Club, Inc. v. License Appeal Com.*, 18 Ill. App. 3d 879 (1974), where testimony that there was touching between "[t]he area of the penis against the buttocks" was held not to support a charge of deviate sexual acts on the licensed premises). We therefore conclude that defendant was not proved guilty of deviate sexual assault beyond a reasonable doubt.

■■ Defendant has suggested that if the conviction is not reversed on this ground that alternatively the degree of the offense should be reduced to attempt deviate sexual assualt. From our review of the record we conclude that the defendant is guilty beyond a reasonable doubt of the offense of attempt deviate sexual assault. Therefore, pursuant to Supreme Court Rule 615(b)(3) we reduce defendant's conviction to attempt deviate sexual assault. Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(3). *Cf. People v. Was*, 22 Ill. App. 3d 859, 866 (1974).

Defendant's final contention is that the conviction of robbery should be reversed because it is inseparable from the burglary conviction. He argues, however, that the basis of the burglary conviction was the unauthorized entry into the apartment of the complaining witness and her husband for the purpose of taking money; and that, likewise, the robbery

---

[1] "(a) Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault."

"Deviate sexual conduct" is defined in section 11—2 as "any act of sexual gratification involving the sex organs of one person and the mouth or anus of another."

conviction was based upon his taking of personal property from them.

■■ The State concedes that on the basis of *People v. Williams,* 60 Ill. 2d 1 (1975), the defendant should not have been convicted of both robbery and burglary. The State argues, however, that since the purpose of defendant's entry into the residence was to commit a theft by means of robbery, that the robbery conviction would be affirmed and the burglary conviction vacated. We agree.

The victim of the assault testified that she had gone out of the front door of the apartment to wash her husband's clothes; that the defendant told her to go back in; and that she was followed in by the defendant, who immediately asked her husband if they had any money. They had no money. The defendant then tied up the victim's husband with a light cord. He then tied the victim's hands with a nylon stocking and beat her before the attempted deviate sexual assault. The issue cannot be resolved on the basis of seriousness of the two charges based on the same motivation. Since both robbery and burglary are Class 2 felonies (Ill. Rev. Stat. 1973, ch. 38, pars. 18—1 (robbery), and 19—1 (burglary)), each punishable by a maximum term in excess of one year but not exceeding 20 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3)), we therefore cannot resolve the issue by including the more serious offense and vacating the less serious. (See *People v. Williams,* 60 Ill. 2d 1, 14 (1975).) The uncontradicted circumstances clearly show that the purpose of the entry was robbery from the person or presence of the apartment's occupants. Thus the robbery conviction should be the one to stand.

For the reasons stated we affirm the judgment on the robbery charge and reverse the judgment on the burglary charge. The judgment on the charge of deviate sexual assault is reduced to a judgment of conviction of attempt deviate sexual assault and the sentence imposed for deviate sexual assault is vacated. The cause is remanded to the trial court with directions to resentence the defendant on the modified judgment of conviction of attempt deviate sexual assault.

Judgments affirmed in part, vacated in part, and modified in part; Remanded with directions.

GUILD, P. J., and HALLETT, J., concur.