2020 IL App (2d) 180346-U
No. 2-18-0346
Order filed September 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16-CF-2015 |
| | ) | |
| TIMOTHY ARNOLD, | ) | Honorable |
| | ) | James C. Hallock, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Birkett and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The defendant was not prejudiced by any technical defects in the indictment; the evidence was sufficient to convict the defendant on all counts in the indictment.

¶ 2    Following a jury trial, the defendant, Timothy Arnold, was convicted of eight counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and five counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2016)).  The circuit court of Kane County sentenced him to natural life imprisonment.  On appeal, the defendant argues that (1) the indictment was defective as to one of the counts and (2) one of his convictions for

predatory criminal sexual assault of a child should be reversed, or reduced to aggravated sexual abuse, due to insufficient evidence. We affirm.

¶ 3                                I. BACKGROUND

¶ 4     On January 25, 2017, the defendant was charged by indictment with 8 counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and 14 counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(b), (c)(1)(i) (West 2016)). The indictment alleged that, between October 17, 2011, and October 16, 2016, the defendant performed various sexual acts against his daughters, M.A. and D.A., both of whom were under 13 years of age at the time. As pertinent to this appeal, count VII of the indictment alleged that the "defendant put his penis in the buttock of D.A."

¶ 5     At trial, D.A. testified that she was 11 years old and that the defendant was her father. When she was eight years old, the defendant began sexually assaulting her. As to count VII, D.A. testified that, on one occasion when she was picking up her toys while watching Netflix in the basement at her grandmother's house, the defendant tried to insert his penis into her butt. She explained that the defendant had pulled her pants down and had unzipped his own pants. She further explained that the defendant's penis "[k]ind of like it touched me in my back side, my butt, but it didn't go in."

¶ 6     Aurora police investigator Chris Tunney testified that she interviewed D.A at the Child Advocacy Center in Geneva on November 10, 2016. D.A. told Tunney that the defendant began touching her with his penis when she was eight or nine years old. D.A. remembered one occasion when the defendant "tried to put it in [her] bottom." D.A. stated that the defendant was unsuccessful, but also that the defendant had touched the inside of her bottom "a little."

¶ 7     At the close of the trial, the jury found the defendant guilty on all eight counts of predatory criminal sexual assault and five counts of aggravated criminal sexual abuse.  Following the denial of his motion for a new trial, the trial court sentenced the defendant to natural life imprisonment. The defendant thereafter filed a timely notice of appeal.

¶ 8                                 II. ANALYSIS

¶ 9     The defendant's first contention on appeal is that count VII of the indictment was insufficient because it failed to allege that he committed "an act of contact" with "the sex organ or anus" of D.A. 720 ILCS 5/11-1.40(a)(1) (West 2016).  The defendant insists that count VII's allegation that he touched D.A. "in the buttock" is not equivalent to the statutory term "anus." Because count VII did not allege an offense of predatory criminal sexual assault of a child, the defendant argues that his conviction for that count must be reversed.

¶ 10     The State argues that the defendant has forfeited this issue because in the nature of the case section of his appellant brief he asserted that "[n]o issue is raised challenging the charging instrument."  The State further argues that the defendant has forfeited this issue because he does not support it with any legal authority.  See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) (points not argued with reference to relevant authorities are forfeited).  We decline to find the defendant's issue forfeited.  See *Wilson v. Humana Hospital*, 399 Ill. App. 3d 751, 757 (2010) (waiver is limitation on the parties and not the court).  Nonetheless, we admonish the defendant to be more cognizant of ensuring that his briefs are internally consistent and that they comport with the rules governing appellate briefs.

¶ 11     Under Illinois criminal law, the existence of certain defects in a charging instrument may be raised at any time, including for the first time on appeal.  *In re J.R.*, 342 Ill. App. 3d 310, 316 (2003).  For example, a charging instrument that fails to state an offense contains a defect

implicating due process concerns and thus may be attacked at any time. *People v. Alvarado*, 301 Ill. App. 3d 1017, 1022 (1998). However, when a criminal defendant challenges the charging instrument for the first time on appeal, the reviewing court considers the claim under a lower standard than that which the trial court would have applied had the objection been raised below. *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991). If an indictment is attacked either before or during trial, the instrument must strictly comply with statutory pleading requirements. *Alvarado*, 301 Ill. App. 3d at 1022-23. When a charging instrument is attacked for the first time on appeal, however, the reviewing court considers only whether the indictment apprised the accused of the precise offense charged with enough specificity to (1) allow preparation of a defense, and (2) allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Smith*, 337 Ill. App. 3d 819, 823 (2003). Thus, a criminal defendant's conviction will not be reversed based on a technical defect in the charging instrument raised for the first time on appeal unless the defendant shows that the defect prejudiced him in preparing his defense. *People v. Maggette*, 311 Ill. App. 3d 388, 394-95 (2000).

¶ 12    In this case, the defendant does not contend that the State's use of the phrase "in the buttock" instead of the term "anus" misled him, hindered his defense, or would not act as a bar to future prosecution arising out of the same conduct. Absent any allegations or evidence of prejudice, the defendant is not entitled to any relief. *Id.*

¶ 13    We next consider the defendant's contention that he was not convicted beyond a reasonable doubt of touching D.A.'s anus with his penis. It is not the province of this court to retry the defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). The relevant question is " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in

original.) *Id.* at 261, quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The sufficiency of the evidence and the relative weight and credibility to be given the testimony of the witnesses are considerations within the exclusive jurisdiction of the fact finder. *People v. Jimerson*, 166 Ill. 2d 211, 214 (1995). The evaluation of the testimony and the resolution of any conflicts or inconsistencies that may appear are also wholly within the province of the finder of fact. *Collins*, 106 Ill. 2d at 261-62.

¶ 14 To sustain a conviction of predatory criminal sexual assault of a child, the State must prove the defendant was 17 years of age or over and committed an act of sexual penetration with a victim who was under 13 years of age when the act was committed. 720 ILCS 5/11-1.40(a)(1) (West 2016). "Sexual penetration" means any contact, however slight, between the sex organ or anus of one person and the sex organ or anus of another person, or any intrusion, however slight, of any body part of one person into the sex organ or anus of another person. 720 ILCS 5/11-0.1 (West 2016). The State must prove "actual contact" between the defendant's sex organ and the sex organ or anus of the complainant. *People v. Finley*, 178 Ill. App. 3d 301, 307 (1988). Evidence that the defendant's sex organ only touched an area near the complainant's sex organ or anus is insufficient to establish the element of penetration. *People v. Atherton*, 406 Ill. App. 3d 598, 608-09 (2010).

¶ 15 Here, D.A. testified that the defendant touched her with his penis "in [her] butt." This was consistent with her comments to Investigator Tunney that the defendant had touched the inside of her bottom. As such, D.A.'s testimony was sufficient to convict the defendant of committing predatory criminal sexual by using his penis to touch the victim's anus. See *id.* (victim's testimony that defendant used his penis to touch her in her butt was sufficient to establish that the defendant's penis had touched the victim's anus).

¶ 16    In so ruling, we acknowledge that D.A.'s testimony at times was contradictory.  Beyond testifying that the defendant touched her in her butt, she also testified that the defendant was not able to get in between her butt cheeks, although "[s]ometimes he did."  She also testified at one point that the defendant did not ever go inside her butt, although later she testified that he did touch her in her butt. However, it was ultimately for the jury to resolve any conflicts or inconsistencies in her testimony.  See *Collins*, 106 Ill. 2d at 261-62.   The fact that there were inconsistencies is not a basis for us to disturb the jury's verdict.  See *Atherton*, 406 Ill. App. 3d at 609.

¶ 17    Finally, the defendant's reliance on *People v. Oliver*, 38 Ill. App. 3d 166, 170 (1976), is misplaced.  There, the complainant, who was not a minor, did not testify that the defendant's penis touched her anus.  *Id.*  Rather, she characterized the defendant's conduct by a reference to "in my butt."  *Id.*  She also made an out-of-court statement to her husband that the defendant's penis went along her "cheeks."  *Id.*  In reversing the defendant's conviction, the reviewing court explained that the State was required to show an act involving the sex organ of the defendant and the anus of the complainant.  *Id.*  The reviewing court found that the State did not meet its burden of proof, because the complainant's lone reference at trial that the defendant's penis was "in [her] butt" was insufficient to establish deviate sexual assault in light of her prior characterization that the defendant's penis had just gone along her "cheeks."  *Id.*

¶ 18    Here, unlike the complainant in *Oliver*, D.A. was not an adult who could presumably express herself as to the relevant statutory terms.  Rather, she was an 11-year-old year who testified as to what occurred when she was 8 or 9 years' old.  Based on D.A.'s youth, we do no believe that her use of the terms "butt" or "bottom" undermined the strength of the State's evidence against the defendant.  *Cf. Atherton*, 406 Ill. App. 3d at 609 (eight-year-old's testimony was sufficient to

convict the defendant of predatory criminal sexual assault for penetrating her anus even though she never used the term "anus").

¶ 19                                III. CONCLUSION

¶ 20    For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed

¶ 21    Affirmed.