2023 IL App (2d) 220396-U
No. 2-22-0396
Order filed November 9, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-2015 |
| TIMOTHY ARNOLD, | ) ) ) | Honorable Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*: The defendant did not receive a reasonable level of assistance from his postconviction counsel.

¶ 2   Following a jury trial, the defendant, Timothy Arnold, was convicted of eight counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and five counts of aggravated criminal sexual abuse (*Id.* § 5/11-1.60(c)(1)(i)). The circuit court of Kane County sentenced him to natural life imprisonment. On appeal, this court affirmed. *People v. Arnold*, 2020 IL App (2d) 180346-U. After the defendant filed a *pro se* postconviction petition, the trial court appointed counsel for him. Postconviction counsel filed an amended petition, which

the trial court dismissed. On appeal, the defendant argues that he was deprived of the reasonable assistance of postconviction counsel. We vacate the trial court's dismissal of the defendant's postconviction petition and remand for additional proceedings.

¶ 3                                    I. BACKGROUND

¶ 4      On January 25, 2017, the defendant was charged by indictment with 8 counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and 14 counts of aggravated criminal sexual abuse (*Id.* § 5/11-1.60(b), (c)(1)(i)). The indictment alleged that, between October 17, 2011, and October 16, 2016, the defendant performed various sexual acts against his daughters, M.A. and D.A., both of whom were under 13 years of age at the time.

¶ 5      Following a jury trial, the defendant was convicted of eight counts of predatory criminal sexual assault of a child (*Id.* § 5/11-1.40(a)(1)) and five counts of aggravated criminal sexual abuse (*Id.* § 5/11-1.60(c)(1)(i)) and was sentenced to natural life imprisonment. After this court affirmed his convictions on appeal (*Arnold*, 2020 IL App (2d) 180346-U), the defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). In his petition, one of the issues that he raised was that his trial counsel was ineffective for failing to remove Juror #117, Daniel Free. The defendant alleged that he told his trial counsel that he knew Free and his wife because they were friends of his ex-wife Margaret and her sister Linda and that Free's wife worked with Linda. The defendant asserted that during *voir dire*, Free winked at him with a "smirk on his face" when he was seated as a juror without challenge. The defendant told his trial counsel that he did not want Free as a juror in his trial. The defendant attached an affidavit from his mother stating that Free's wife worked with Linda and that Free and his wife had been to birthday parties at the defendant's home.

¶ 6    After reviewing the defendant's petition, the trial court appointed counsel to represent the defendant at the second stage of the postconviction proceedings. Postconviction counsel filed an amended petition that raised numerous grounds of ineffective assistance of both trial and appellate counsel. However, postconviction counsel did not raise a claim regarding trial counsel's failure to object to Free being part of the jury. Postconviction counsel attached no affidavits or other evidence in support of the allegations.

¶ 7    The State filed a motion to dismiss the defendant's amended postconviction petition. On October 24, 2022, the trial court granted the State's motion to dismiss the amended postconviction petition. The trial court noted that there were no affidavits attached to the amended petition. The trial court further found that the claims were rebutted by the record. As such, the trial court determined that neither trial counsel nor appellate counsel was ineffective as to any of the claims in the amended petition.

¶ 8    The defendant thereafter filed a timely notice of appeal.

¶ 9                                II. ANALYSIS

¶ 10   On appeal, the defendant argues that we should vacate the dismissal of his postconviction petition and remand for further proceedings because his postconviction counsel failed to comply with her duties pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Specifically, he contends that postconviction counsel failed to include an arguable constitutional claim that had been asserted in his *pro se* postconviction petition. He further argues that postconviction counsel failed to shape his remaining claims into an appropriate legal form.

¶ 11   As our supreme court explained in *People v. Hommerson*, 2014 IL 115638, ¶¶ 7-8:

        "The Act provides a three-stage process for adjudicating postconviction petitions. At the first stage, the [trial] court determines whether the petition is 'frivolous or is patently

without merit.' [Citation.] The court makes an independent assessment as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. [Citation.] The court considers the petition's 'substantive virtue' rather than its procedural compliance. [Citation.] If the court determines the petition is frivolous or patently without merit, the court dismisses the petition. [Citation.] If the petition is not dismissed, it will proceed to the second stage.

At the second stage, the court may appoint counsel to represent an indigent defendant, and counsel may amend the petition if necessary. [Citation.] The State may then file a motion to dismiss the petition. [Citation.] If the State does not file a motion to dismiss or if the court denies the State's motion, the petition will proceed to the third stage and the court will conduct an evidentiary hearing on the merits of the petition. [Citation.]" "At [the second] stage, the [trial] court must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33, (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)).

¶ 12 This appeal arises from the second-stage dismissal of the defendant's amended petition. The defendant does not dispute that the amended petition failed to make a substantial showing of a constitutional violation. Rather, the defendant takes issue with the quality of representation he received from counsel during the postconviction proceedings. The right to counsel in postconviction proceedings is statutory, not constitutional. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). The Act entitles a defendant to reasonable assistance from counsel in a postconviction proceeding. *Id.*

¶ 13 In enacting the Act, the General Assembly "anticipated that most petitions under the Act would be filed *pro se* by prisoners who did not have the aid of counsel in their preparation." *People*

*v. Johnson*, 154 Ill. 2d 227, 237 (1993). "To ensure that the complaints of a prisoner might be adequately presented, the statute contemplates that the attorney appointed to represent an indigent petitioner will ascertain the basis of the petitioner's complaints, shape those complaints into appropriate legal form and present the prisoner's constitutional contentions to the court." *Id.* at 237-38. To that end, Rule 651(c) imposes specific duties on counsel in postconviction proceedings. Rule 651(c) provides, in pertinent part:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. Rule 651(c) (eff. July 1, 2017).

When counsel files a Rule 651(c) certificate, a rebuttable presumption arises that counsel provided reasonable assistance. *People v. Landa*, 2020 IL App (1st) 170851, ¶ 46.

¶ 14 Here, postconviction counsel filed a Rule 651(c) certificate, but the defendant argues that the record rebuts the presumption of reasonable assistance. The defendant contends that postconviction counsel did not include the claim from his *pro se* petition that his trial counsel failed to challenge a potential juror who he believed was biased against him. The defendant's argument presupposes that postconviction counsel was obligated to do so. However, that is not necessarily the case. It is well established that postconviction counsel is not required to advance frivolous or spurious claims on the defendant's behalf. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). As the *Greer* court explained, "If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the

rule." *Id.* Consequently, "where *** the presumption of reasonable assistance is present, 'the question of whether the *pro se* allegations had merit is crucial to determining whether counsel acted unreasonably by not filing an amended petition.' " *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 30, (quoting *People v. Profit*, 2012 IL App (1st) 101307, ¶ 23). The same principle applies where, as here, postconviction counsel filed an amended petition that omitted claims brought in the *pro se* petition. *People v. Blake*, 2022 IL App (2d) 210154, ¶ 15. When postconviction counsel chooses to omit *pro se* claims from an amended petition, the reasonableness of that choice depends on the merits of the *pro se* claims. *Id.*

¶ 15    The defendant argues that the reasonableness of postconviction counsel's performance is rebutted because the claim she omitted implicated the defendant's right to a fair jury trial. The right to trial by an impartial jury is "an indispensable element of a fair criminal trial." *Rosales-Lopez v. United States*, 451 U.S. 182, 196 (1981). Trial before a biased jury deprives a defendant of a substantial right and constitutes structural error requiring reversal. *People v. Runge*, 234 Ill. 2d 68, 102 (2009). As such, "[t]he trend of authority is to exclude from juries all persons who by reason of their business or social relations, past or present, could be suspected of possible bias." *People v. Green*, 199 Ill. App. 3d 927, 931 (1990).

¶ 16    Here, the defendant alleged in his *pro se* petition that he told trial counsel that he knew Free. The allegation that the defendant knew Free was verified by the defendant's mother in an affidavit that the defendant attached to his initial *pro se* petition. During *voir dire*, when the trial court asked the venire members if they recognized the defendant, Free did not say anything. Additionally, when trial counsel questioned Free, he did not ask Free about his relationship with the defendant and Free did not disclose any connection he had to the defendant. As the defendant's allegations indicate that trial counsel knew that Free had failed to disclose a matter directly

implicating his potential bias, trial counsel's failure to inquire about it arguably constituted ineffective assistance. See *People v. Nitz*, 219 Ill. 2d 400, 423 (2006) (defendant will be entitled to a new trial if he can show that juror answered falsely on *voir dire* about a matter of potential bias and juror's untruthfulness prejudiced the defendant).

¶ 17    As such, the defendant's *pro se* claim arguably had merit. Postconviction counsel's failure to include that claim in the amended petition therefore was not reasonable. We conclude the defendant has rebutted the presumption that postconviction counsel complied with Rule 651(c). Accordingly, we agree with the defendant that the appropriate remedy is to vacate the dismissal of his amended postconviction petition so that he can include in the amended petition a claim regarding the allegedly biased juror. *People v. Jones*, 2016 IL App (3d) 140094, ¶¶ 34, 36.

¶ 18    In so ruling, we note that the State argues that the record refutes the defendant's claim that Free was friends with the defendant's wife. The State points out that, during *voir dire*, the trial court introduced the defendant and asked if anyone recognized him. The trial court indicated that one of the witnesses would be the defendant's wife and asked if anyone recognized her. The trial court asked if anyone was familiar with the facts of the case. The State notes that Free did not respond affirmatively to any of these questions. Further, when Free was questioned individually whether he knew anyone who had been accused of sexual assault, he indicated that he had not. The State asserts that this positively contradicts the defendant's allegations that Free was friends with or had a direct connection with the defendant's wife.

¶ 19    The State's argument is unpersuasive because it assumes the truthfulness of Free's statements during *voir dire*, something that is contradicted by the affidavit that the defendant submitted in support of his *pro se* petition. Further, the State misconstrues the defendant's contention. The defendant asserts that he told his counsel that he did not want Free on the jury

based on his connections with Free, but trial counsel did not do anything about that request. There is nothing in the record to refute that allegation.

¶ 20    The State insists that because the defendant failed to include this issue in his *pro se* posttrial motion alleging ineffective assistance of counsel, this supports the inference that the defendant never complained to trial counsel about Free. The defendant's failure to raise this issue sooner is not dispositive. See *People v. McGee*, 2021 IL App (2d) 190040, ¶ 41 (the defendant's failure to make certain allegations against his counsel at a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), does not affirmatively and incontestably rebut allegations in a postconviction petition). As set forth above, the record is silent as to whether the defendant told trial counsel about his relationship with Free and, if so, why trial counsel did not inquire about that alleged relationship.

¶ 21    The State further argues that the defendant had to show more than just his claim had arguable merit; he had to make a substantial showing of a constitutional claim. The State's argument pertains to what the defendant must do to advance his postconviction petition from the second stage to a third stage hearing. *Domagala*, 2013 IL 113688, ¶ 33. That is not the issue before us. The issue is whether postconviction counsel's failure to include an issue in the amended postconviction petition regarding trial counsel's lack of investigation into potentially biased juror was reasonable. As explained above, we hold that it was not.

¶ 22    As we have determined that postconviction counsel failed to provide the defendant with a reasonable level of assistance, the appropriate remedy is to remand for the appointment of new counsel. See *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 36 (postconviction counsel's failure to provide a reasonable level of assistance required appointment of new counsel on remand); *Jones*, 2016 IL App (3d) 140094, ¶¶ 33-34, 36 (same); *People v. Kelly*, 2012 IL App (1st) 101521, ¶¶ 40-41, 48 (same); *People v. Nitz*, 2011 IL App (2d) 100031, ¶¶ 19, 21 (same); *People v. Shortridge*,

2012 IL App (4th) 100663, ¶¶ 14-15 (same). In so ruling, we need not address the other grounds on which the defendant argues that postconviction counsel failed to provide a reasonable level of assistance.

¶ 23                              III. CONCLUSION

¶ 24    For the foregoing reasons, we vacate the trial court's dismissal of the defendant's postconviction petition and remand for further second-stage proceedings consistent with this order. On remand, the trial court shall appoint new postconviction counsel, with leave to amend and add supporting documentation regarding the defendant's claim of the biased juror, and to add any other amendments as he or she deems necessary, in support of the defendant's claims. New counsel is required to mail a copy of this order to the defendant, and to file a Rule 651(c) certificate stating that he or she has communicated with defendant concerning this order.

¶ 25    Vacated and remanded.