NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221016-U

NO. 4-22-1016

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 22, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>    v.<br>JOSIAHA R. WILLS,<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Ogle County<br>No. 14CF26<br><br>Honorable<br>John C. Redington,<br>Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed and remanded because postconviction counsel failed to file a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and the record did not establish that the error was harmless.

¶ 2    Defendant Josiaha R. Wills appeals from the dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2018)) at the second stage of proceedings.

¶ 3    On appeal, defendant argues this court should remand for further second-stage proceedings because his appointed counsel failed to file a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and the record does not affirmatively demonstrate compliance with the requirements of Rule 651(c). The State concedes the error. We accept the State's concession and remand for further proceedings.

¶ 4                                    I. BACKGROUND

¶ 5                                    A. Prior Proceedings

¶ 6            The factual circumstances and procedural history of defendant's case have previously been examined in detail. See *People v. Wills*, 2017 IL App (2d) 150240. Accordingly, we summarize the events leading to this appeal and provide only those facts relevant to the issues before the court.

¶ 7            After a jury trial, defendant was found guilty of four counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)). The trial court set aside one count and sentenced defendant to 12 years' imprisonment on each count of the remaining three counts, to be served consecutively. Defendant's convictions and sentence were affirmed on direct appeal. *Wills*, 2017 IL App (2d) 150240, ¶ 61.

¶ 8                               B. Postconviction Petition

¶ 9            In September 2019, defendant filed a *pro se* postconviction petition alleging numerous constitutional claims and various claims of ineffective assistance of trial and appellate counsel. Defendant attached to his petition at least 23 exhibits. The trial court advanced defendant's petition to the second stage and appointed counsel to represent defendant.

¶ 10           During status hearings, defendant's counsel expressed that he was reviewing defendant's petition and attempting to meet with defendant. However, because of restrictions in place to prevent the spread of COVID-19, he was having difficulty arranging for a translator and meeting with defendant in the Illinois Department of Corrections facility. Defendant is deaf and communicates in American Sign Language. Counsel worked with an organization that assists with legal issues for the deaf and was able to meet with defendant and review his claims of error.

¶ 11           In May 2022, counsel filed an amended postconviction petition, reiterating the claims from defendant's *pro se* petition and adding several additional claims. Counsel attached the

same exhibits from the *pro se* petition to the amended petition, but he did not file a certificate pursuant to Rule 651(c).

¶ 12        In July 2022, the State filed a motion to dismiss defendant's postconviction petition. After a hearing, the trial court granted the State's motion to dismiss.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, defendant argues we must remand for further second-stage proceedings because postconviction counsel failed to file a certificate pursuant to Rule 651(c) and the record does not demonstrate compliance with Rule 651(c). The State concedes that the matter must be remanded for compliance with Rule 651(c). We accept the State's concession.

¶ 16        "The [Act] allows a criminal defendant to assert in a petition that 'in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.' " *People v. Eubanks*, 2021 IL 126271, ¶ 29 (quoting 725 ILCS 5/122-1(a)(1) (West 2018)). The Act contemplates a three-stage process. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006).

¶ 17        At the second stage of proceedings, counsel may be appointed for an indigent defendant. *Id.* at 472. There is no constitutional right to postconviction counsel. *People v. De La Paz*, 204 Ill. 2d 426, 440 (2003). Rather, the right to postconviction counsel is provided by the Act itself, and a defendant is entitled to reasonable assistance. *Id.*; see 725 ILCS 5/122-4 (West 2018). To ensure the reasonable assistance required by the Act, Rule 651(c) imposes specific duties on postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Rule 651(c) states, in pertinent part, the following:

"The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 18        "[A]ppointed counsel is required to file a certificate showing compliance with Illinois Supreme Court Rule 651(c) ***." *People v. Cotto*, 2016 IL 119006, ¶ 27. " 'The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule.' " *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39 (quoting *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25). Where counsel fails to file a Rule 651(c) certificate, the court may deem the error harmless if the record provides a clear and affirmative showing that counsel satisfied the requirements of Rule 651(c). *People v. Lander*, 215 Ill. 2d 577, 584 (2005).

¶ 19        In this case, counsel did not file a Rule 651(c) certificate. Therefore, we do not presume that counsel complied with the rule. The record must show *clear and affirmative* evidence counsel met with defendant, reviewed his contentions of error, examined the record of proceedings, and made any necessary amendments to the *pro se* petition. The record positively demonstrates counsel met with defendant and reviewed his contentions of error, but it fails to affirmatively show counsel "examined the record of the proceedings at the trial" as mandated by Rule 651(c). Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Further, we cannot presume counsel "made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of

petitioner's contentions." *Id.* "[W]ithout a showing that postconviction counsel fulfilled the rule's requirements, we cannot conclude that the defendant was provided with adequate representation." *People v. Myers*, 386 Ill. App. 3d 860, 866 (2008). Counsel's failure to comply with the requirements of Rule 651(c) mandates that we remand this matter and "direct the trial court to provide defendant new postconviction counsel who shall have leave to amend and to add supporting documentation, as counsel deems necessary, in support of defendant's claims." *People v. Burns*, 2019 IL App (4th) 170018, ¶ 3.

¶ 20        As we are remanding for further second-stage proceedings and directing the trial court to appoint new postconviction counsel, we need not address defendant's further argument as to counsel's performance.

¶ 21                              III. CONCLUSION

¶ 22        For the reasons stated, we reverse the trial court's judgment dismissing defendant's postconviction petition, remand the case for further second-stage proceedings, and direct the court to appoint new postconviction counsel, who shall have leave to amend defendant's postconviction petition as counsel deems necessary.

¶ 23        Reversed; cause remanded with directions.