**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210344-U

Order filed

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0344 Circuit No. 11-CF-122 |
| | ) | |
| KEITH CLARK, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Postconviction counsel did not provide reasonable assistance.

¶ 2     Defendant, Keith Clark, appeals the second-stage dismissal of his postconviction petition. Defendant argues that postconviction counsel provided an unreasonable level of assistance where counsel failed to properly shape his claims to avoid dismissal, attach necessary affidavits or evidentiary support, or explain the absence of such support. We reverse and remand.

¶ 3     I. BACKGROUND

¶ 4		On February 8, 2011, defendant was charged by indictment with armed robbery (720 ILCS 5/18-2(a)(2) (West 2010)). Counsel was appointed to represent defendant. Prior to trial, defense counsel filed a notice of intent to assert an alibi defense which listed Teresa Gordon as a potential witness. The case proceeded to a jury trial. Gordon did not testify. Defense counsel cross-examined officers regarding the involvement of witnesses, Ladell Gibson, Alvin Bennett, and Useniomar Allen. Defendant was convicted of armed robbery. Defendant's motion for judgment notwithstanding the verdict or for new trial was denied. Defendant was sentenced to 24 years' imprisonment.

¶ 5		On direct appeal, defendant argued that (1) the evidence was insufficient to prove beyond a reasonable doubt that he was armed with a firearm during the commission of a robbery, (2) the circuit court erred in failing to give a jury instruction defining firearm, (3) trial counsel provided ineffective assistance in failing to tender such an instruction, and (4) certain fines and fees were improperly assessed. *People v. Clark*, 2015 IL App (3d) 140036, ¶ 1. We affirmed defendant's conviction but remanded for entry of a proper order enumerating fines, fees, and costs. *Id.* ¶ 46.

¶ 6		On May 2, 2016, defendant filed a *pro se* petition for postconviction relief. In his petition, defendant asserted:

> "Petitioner was denied effective assistance of counsel where defense counsel failed to interview and call as witnesses 3 people that could have proven that I was not the armed robber. These witnesses are Alvin Bennet, Useniomar Allen, and Ladell Gibson who according to prosecutors gave me a ride in his car. In reality I do not know these 3 suspects. Also defense counsel failed to call as a witness, my alibi witness Theresa Gordon who could have testified that I was not at the crime scene.

> Because of this my attorney was ineffective for not interviewing these witnesses and calling them to testify."

Defendant attached an affidavit to his petition averring that he was unable to obtain affidavits from Bennett, Allen, and Gibson because he did not know their location, and he had unsuccessfully attempted to secure an affidavit from Gordon and needed the help of the court to obtain the affidavit.

¶ 7 The petition advanced to the second stage and the court appointed counsel to represent defendant. After the appointment of counsel, defendant filed two *pro se* amended postconviction petitions adding allegations regarding his fitness to stand trial due to psychotropic medication and the sufficiency of the evidence of his possession of a firearm during the commission of the offense.

¶ 8 On April 5, 2019, defendant's case was reassigned to a third public defender. Counsel filed a supplemental petition for postconviction relief which incorporated all three of defendant's claims. She amended the first claim of failure to investigate and call witnesses, adding information regarding Gordon's death and the legal elements for an ineffective assistance of trial counsel claim. Counsel added argument and supplemental case law regarding defendant's sufficiency of the evidence claim.

¶ 9 The State filed a motion to dismiss alleging, *inter alia*, that defendant's claims failed because there was no attached evidence that illustrated what testimony the witnesses would provide and no indication that trial counsel knew of the witnesses. Counsel filed a response to the State's motion further arguing trial counsel's ineffectiveness for failing to investigate and call witnesses and indicated that Gordon had passed away in March 2018.

¶ 10 On July 2, 2021, a hearing was held on the State's motion to dismiss. The State argued that the burden was on defendant to provide enough evidence to support a substantial showing of a

constitutional violation. The State pointed out again that there was no evidence attached that would allow the court to determine the "weight of that allegation in deciding to advance it to a third stage." Counsel requested the petition be advanced to the third stage, arguing:

> "[I]n order to provide testimony from [defendant] as to the information he had been, or, he had provided his attorney regarding Ms. Gordon at the time that she was still alive and was still willing and able to testify. I think it comes down—because we don't have her and we're not going to get her and we don't have an affidavit, I think it's important to at least give some testimony as to what the attorney knew or didn't know; because, if that attorney at his trial stage knew of that witness, I would argue that it was ineffective for that attorney not to investigate, or interview her, or subpoena her for her testimony."

¶ 11    The court took the matter under advisement. It issued a written decision granting the State's motion to dismiss defendant's postconviction petition, finding that "[t]he arguments contained therein [were] well taken." Defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant argues that counsel provided unreasonable assistance where she incorporated all three claims raised by defendant but failed to properly shape those claims and attach necessary affidavits and other evidence to support those claims or explain their absence. Specifically, defendant contends that counsel failed to: (1) support his claim of ineffective assistance of trial counsel by attaching affidavits from the named alibi and occurrence witnesses or explain their absence or attach affidavits from defendant or trial counsel; (2) support defendant's second claim with medical records; and (3) shape defendant's third claim to avoid procedural default.

4

¶ 14    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) creates a procedure for imprisoned criminal defendants to collaterally attack their convictions based on a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. *Id.* § 122-1(a)(1). "The Act provides a three-stage process for adjudicating postconviction petitions." *People v. English*, 2013 IL 112890, ¶ 23. Defendant's petition was dismissed at the second stage of postconviction proceedings. "During the second stage, the petitioner bears the burden of making a substantial showing of a constitutional violation." *People v. Domagala*, 2013 IL 113688, ¶ 35.

¶ 15    The right to counsel in postconviction proceedings is statutory and petitioners are only entitled to a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). However, "unless proper representation is afforded, the appointment of an attorney is but an empty formality." *People v. Garrison*, 43 Ill. 2d 121, 123 (1969). To ensure a reasonable level of assistance, certain duties are prescribed to postconviction counsel through Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which requires counsel to: (1) consult with defendant, by mail or in person, to determine his claims of constitutional deprivation; (2) examine the record of the challenged proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of defendant's claims.

¶ 16    A rebuttable presumption that postconviction counsel provided reasonable assistance is created when counsel files a compliant Rule 651(c) certificate. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Here, counsel filed the required certificate, and we presume that she provided reasonable assistance. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id.* We

review whether postconviction counsel substantially complied with Rule 651(c) *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 17    In this case, defendant does not challenge counsel's compliance with the first two duties imposed by Rule 651(c), arguing only that counsel failed to make necessary amendments to defendant's petition to adequately present his claims. Defendant claims, among other things, that postconviction counsel's representation was unreasonable because she failed to shape his ineffective assistance of trial counsel claim into appropriate legal form and to attach supporting affidavits. Since the issue is dispositive, we will first consider whether counsel, in the absence of affidavits from the named witnesses, should have supported defendant's claim by attaching affidavits from defendant and trial counsel.

¶ 18    A postconviction petitioner must "clearly set forth the respects in which petitioner's constitutional rights were violated" and "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2016). As such, postconviction counsel's obligation to present defendant's claims in an appropriate legal form, at minimum, requires counsel to attempt to "obtain evidentiary support for claims raised in the post-conviction petition." *People v. Johnson*, 154 Ill. 2d 227, 245 (1993). To demonstrate ineffective assistance of trial counsel for failing to call a witness, the petition must establish that counsel was aware of the witness and counsel's decision not to call that witness constituted an unsound trial strategy. *People v. Tate*, 305 Ill. App. 3d 607, 612 (1999). While evidence in the form of documents and testimony can be presented at a third-stage evidentiary hearing, the petition must contain affidavits, records, or other evidentiary support, or state why such evidence is lacking, to reach that stage. See 725 ILCS 5/122-2 (West 2020). "Nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a hearing

6

under the Act." *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). It is only when the necessary affidavits or other evidence are attached to the petition that the petitioner can meet the second-stage burden of a substantial showing. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001); see also *People v. Delton*, 227 Ill. 2d 247, 255 (2008) (failure to attach such evidentiary support or explain its absence is fatal to a postconviction petition and justifies a summary dismissal of the petition). Accordingly, where a petition may be dismissed for lack of corroborating evidentiary support at the second stage, it is unreasonable for counsel to make no effort to obtain affidavits or other documents from known sources. *Johnson*, 154 Ill. 2d at 247.

¶ 19 Defendant argues that postconviction counsel's failure to attach any evidence of the proposed testimony of Gordon and the three occurrence witnesses or of trial counsel's knowledge of those witnesses and his investigation into the matter constitutes unreasonable assistance. Defendant directs our attention to postconviction counsel's argument at the second-stage hearing in support of his contention. At that hearing, counsel argued that the petition should progress to a third-stage evidentiary hearing so that defendant could testify as to the testimony of the proposed witnesses and what information he provided to trial counsel regarding those witnesses. Counsel's argument demonstrates that she understood the necessity of providing that information to the court. Yet, she failed to attach any affidavits or evidentiary support from either defendant or trial counsel.

¶ 20 Although a court may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of a postconviction claim, here that presumption is rebutted by the record. Regarding defendant's affidavit, postconviction counsel's argument demonstrates that she mistakenly believed an evidentiary hearing was necessary to provide defendant's account of the alibi witness and the occurrence witnesses' testimony and what information defendant provided to trial counsel. At a minimum, counsel should have obtained an affidavit from Clark

7

attesting to what the potential witnesses' testimony would be and why they were unable to obtain affidavits from them. While Gordon died before postconviction counsel filed the amended petition, she was not without means of supporting defendant's claim regarding the three occurrence witnesses. The record demonstrates that counsel was in contact with defendant and could have secured an affidavit from him to support his claim that trial counsel was ineffective. The record also clearly demonstrates that counsel made no attempt to secure an affidavit from trial counsel. Thus, we must conclude that counsel did not provide a reasonable level of assistance and failed to adequately comply with Rule 651(c). Considering our finding of unreasonable assistance of counsel on this issue, we need not address defendant's remaining arguments.

¶ 21    "[W]hen appointed counsel does not adequately fulfill his or her duties under Rule 651(c), a remand is required regardless of whether the petition's claims have merit." *People v. Addison*, 2023 IL 127119, ¶ 42. Accordingly, we remand for new second-stage proceedings where postconviction counsel will have the opportunity to review defendant's allegations and file a new amended postconviction petition that adequately presents defendant's claims.

¶ 22                              III. CONCLUSION

¶ 23    The judgment of the circuit court of Peoria County is reversed and remanded for new second-stage proceedings.

¶ 24    Reversed and remanded.