2024 IL App (1st) 221644

No. 1-22-1644

Opinion filed May 3, 2023

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04 CR 06367 |
| | ) | |
| JEROME CARSON, | ) | The Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court with opinion.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal derives from the circuit court's dismissal of a second stage postconviction petition brought pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). Petitioner Jerome Carson argues: (1) postconviction counsel's Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. July 1, 2017)) certificate failed to raise a rebuttable presumption of compliance because it is unclear whether counsel reviewed portions of the record necessary to adequately present Carson's claim that he lacked culpable negligence in filing an untimely petition and

(2) even if the presumption of compliance was established, such compliance is rebutted by the record that demonstrated postconviction counsel's unreasonable assistance. For the following reasons, we reverse the circuit court's dismissal of petitioner's postconviction petition and remand to the circuit court for a new second stage proceeding.

¶ 2                                        I. BACKGROUND

¶ 3      Because the facts underlying this case are set forth in *People v. Carson*, 2021 IL App (1st) 1190810-U, we will only detail those pertinent to this appeal. Carson was charged with the offenses of attempted murder and aggravated arson after causing a house fire that resulted in injuries to one of the victims. Pursuant to a fully negotiated plea agreement, Carson pled guilty to the charges and was sentenced to an aggregate term of 32 years' imprisonment in February 2006. On January 30, 2013,[1] Carson filed a petition for relief from judgment, pursuant to section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). In October 2013, the court and the parties addressed whether the petition for relief from judgment should be reclassified as a postconviction petition, and the case was continued for postplea counsel to have further discussions with Carson. In April 2014, postplea counsel informed the court that Carson was withdrawing the petition, stating:

> "I have gone through this petition that he filed with—I went to State[s]ville on Monday. We went through. We discussed some case law with regard to it. At this point, he is going to withdraw this petition, Judge. If, in the future, he feels that there is something relevant

---

[1]In his brief, Carson claims the petition for relief from judgment was filed in December 2012. The record shows that the petition is dated December 5, 2012, but the only visible court stamp depicts the file date as January 30, 2013. We stated in *Carson* that the file date was January 30, 2013. See *Carson*, 2021 IL App (1st) 190810-U, ¶ 10.

that he needs to file, he can go ahead and re-file it, Your Honor can appoint us if you think it's pertinent. But at this point, with what he has filed, we're withdrawing it."

¶ 4    On March 9, 2015, Carson filed a *pro se* postconviction petition, arguing (1) his absence from a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) held prior to the guilty plea hearing deprived him of due process, (2) his conviction for aggravated arson violated the one-act, one-crime rule, and (3) he was denied effective assistance of counsel because a plea agreement was reached during a Rule 402 conference without his presence and consent and his guilty plea was not knowing and intelligent. The petition advanced to the second stage of postconviction proceedings, and the State filed a motion to dismiss. In the motion, the State argued that the petition was untimely and Carson failed to make a substantial showing of a constitutional violation. The court granted the motion to dismiss. Carson appealed, asserting postconviction counsel rendered unreasonable assistance when he failed to amend the petition to present factual allegations of Carson's lack of culpable negligence in filing the untimely petition. Finding counsel was unreasonable, this court reversed the circuit court's decision and remanded for a new second stage proceeding. *Carson*, 2021 IL App (1st) 190810-U.

¶ 5    On remand, newly appointed postconviction counsel filed a supplemental petition for postconviction relief on the alleged violation of the one-act, one-crime rule and a response to the State's motion to dismiss accompanied by Carson's affidavit. In the affidavit, Carson averred:

"6. The untimeliness of my postconviction petition was due to the fact that I am not a lawyer and have not been educated in the complexities of the law.

7. I assumed that it was my attorney's duty to correct any mistake regarding my plea.

8. I believe that my petition is not untimely because my sentence is void under the one act one crime rule and challenges to void judgments can be raised at any time."

¶ 6     Postconviction counsel also filed a Rule 651(c) certificate stating he (1) "consulted with the petitioner, Jerome Carson, by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights," (2) "examined the record of proceedings at the guilty plea, including the common law record, report of proceedings, and any exhibits in possession of the Clerk of the Circuit Court," and (3) "made amendments to the petition filed *pro se*, they are necessary for an adequate presentation of petitioner's contentions."

¶ 7     The court held a hearing on the motion to dismiss. The State argued that the reasons for the untimely filing on the petition stated in Carson's affidavit were not "valid excuse[s]" to overcome the timeliness provision of the Act. The State further argued that Carson's claims of a due process violation and an involuntary guilty plea were contradicted by the record and his sentence did not violate the one-act, one-crime rule.

¶ 8     As to the petition's timeliness, postconviction counsel argued:

"Mr. Carson's filing is not considered untimely if he can show the delay was not due to his culpable negligence.

On March 15th, 2022, the petitioner filed an affidavit which outlines the reasons behind the delay. Therein being that petitioner is not a lawyer and was not educated in the complexities of the law. And like in most areas of the law, Mr. Carson assumed that his attorney had the duty to correct the constitutional violation outlined in Mr. Carson's petition. Upon learning otherwise, Mr. Carson filed his *pro se* petition immediately.

Through Mr. Carson's research, he believed that his sentence was void under the one-act, one crime rule, and he believes that challenges to a void judgment can be raised at any time.

As the Illinois Supreme Court found in *People v. Boclair*, the standard of culpable negligence allows the court to determine the timeliness of the petition on an individual basis. The Court found that the culpably negligent standard contemplates something greater than ordinary negligence and is akin to recklessness.

In this case, Mr. Carson wasn't being reckless, he merely was ignorant of the process and this caused a delay in filing."

¶ 9 As to the petition's substantive claims, postconviction counsel acknowledged that the plea offer did not derive from a Rule 402 conference, and therefore, Carson did not suffer a due process violation from his absence. Postconviction counsel then argued that Carson made a substantial showing of constitutional violations on the remaining two claims. Specifically, postconviction counsel claimed Carson's convictions violated the one-act, one-crime rule because they were based on igniting a fire on the same victim. Counsel further contended that Carson's guilty plea was not knowing and intelligent because he was not informed of the State's plea offer until the morning of the hearing and was not given time to consider the offer.

¶ 10 At one point, the court inquired about Carson's culpable negligence argument:

"THE COURT: And I don't understand your argument of the fact that he's not educated on the complexities of the law.

So is it your position that anybody that's—oh, I'm sorry, and that he expected his lawyer to raise constitutional issues.

Did he speak to his lawyer about issues he had after the plea?

[POSTCONVICTION COUNSEL]: After the plea, your Honor?

THE COURT: Well, yeah, that's when he says he realized that his constitutional rights were violated. That's what you just told me.

[POSTCONVICTION COUNSEL]: Yes, when he realized that, that's when he filed his postconviction petition.

THE COURT: So, what, in 2015, it came to him?

[POSTCONVICTION COUNSEL]: Yes, your Honor."[2]

¶ 11    The circuit court granted the motion to dismiss and denied the postconviction petition on October 24, 2022. In its written order, the court made no reference to the petition's timeliness. Instead, the court determined the petition failed to make a substantial showing of a constitutional violation. The circuit court found that (1) Carson was not denied due process because no Rule 402 conference occurred, and his claim that he was not admonished under Rule 402(c) was contradicted by the record, (2) it was "clear" from the indictment that the aggravated arson count was a separate act from the attempted murder count, and (3) Carson's ineffective assistance of counsel and involuntary guilty plea claims failed where the underlying allegations lacked merit. This appeal followed.

¶ 12                                   II. JURISDICTION

¶ 13    On October 24, 2022, the circuit court summarily dismissed Carson's petition at the second stage of postconviction proceedings. Carson filed a notice of appeal on the same day. Hence, we

---

[2] This court relied on counsel's misstatement when referencing the time period between the filing of petition for relief from judgment and the postconviction petition in its prior Order.

have jurisdiction over this appeal pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017), which governs appeals in postconviction proceedings.

¶ 14                                III. ANALYSIS

¶ 15    On appeal, Carson argues that the circuit court erred in denying the postconviction petition at the second stage proceeding for two reasons. First, postconviction counsel's Rule 651(c) certificate failed to raise a rebuttable presumption that counsel reviewed portions of the record necessary to adequately present and support Carson's argument for lack of culpable negligence in filing an untimely petition. Second, the record rebuts a presumption of compliance where counsel (1) raised a noncognizable argument to demonstrate lack of culpable negligence in Carson's affidavit, (2) failed to amend the petition to include the facts from the proceeding on the petition for relief from judgment to support Carson's lack of culpable negligence argument, and (3) misstated when Carson discovered the one-act, one-crime issue during the hearing on the State's motion to dismiss. Alternatively, Carson argues that we should remand this case for further proceedings pursuant to *People v. Jackson*, 2021 IL App (1st) 190263, given the insufficient record showing postconviction counsel's actions in obtaining any facts to support Carson's lack of culpable negligence claim.

¶ 16    The Act (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a mechanism by which a criminal defendant can assert that his conviction and sentence were the result of a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. English*, 2013 IL 112890, ¶ 21. The Act provides a three-stage process for adjudicating postconviction petitions. *Id.* ¶ 23. At the second stage, the State is allowed to file either a motion

to dismiss or an answer to the petition, and the court determines whether the petitioner has made a substantial showing of a constitutional violation. *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). If a postconviction petition is not filed within the limitations period, the Act requires the petitioner to allege facts showing the delay was not due to his or her culpable negligence. 725 ILCS 5/122-1(c) (West 2022). If the petitioner fails to allege lack of culpable negligence, the court must dismiss the petition as untimely upon the State's motion to dismiss. *People v. Perkins*, 229 Ill. 2d 34, 43 (2007) (citing 725 ILCS 5/122-1(c) (West 2006)).

¶ 17    Additionally, counsel may be appointed at the second stage if the petitioner is indigent. 725 ILCS 5/122-4 (West 2022); *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). A petitioner has no constitutional right to effective assistance of counsel in postconviction proceedings. *People v. Greer*, 212 Ill. 2d 192, 204 (2004). Rather, a petitioner has a statutory right to reasonable assistance of counsel. *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Statutory reasonable assistance is something "less than that afforded by the federal or state constitutions." *Pendleton*, 223 Ill. 2d at 472.

¶ 18    To ensure that individuals receive reasonable assistance, Rule 651(c) requires that postconviction counsel (1) consult with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, (2) examine the record of proceedings at the trial, and (3) make any amendments to the petitioner's petition that are necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Postconviction counsel establishes compliance with Rule 651(c) by filing a certificate representing that counsel fulfilled these requirements. *Perkins*, 229 Ill. 2d at 50. The certificate creates a rebuttable presumption that counsel provided the required representation during the second stage proceeding. *Id.* at 52. The

petitioner bears the burden of overcoming this presumption by demonstrating "his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. We review *de novo* postconviction counsel's compliance with Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 19.

¶ 19    In *Perkins*, our supreme court held that Rule 651(c) requires postconviction counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that delay was not due to the petitioner's culpable negligence. *Perkins*, 229 Ill. 2d at 49. The *Perkins* court provided directive in fulfilling that duty:

> "In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims. See *People v. Davis*, 156 Ill. 2d 149, 164 (1993) (under Rule 651(c), counsel is required to review those portions of the record necessary to present and support the claims by the petitioner in the *pro se* petition)." *Id*. at 49-50.

¶ 20    We cannot ascertain whether counsel discharged his duties under Rule 651(c) because the record is insufficient as to counsel's actions in obtaining any excuse for the delay in filing the postconviction petition. Carson argues that postconviction counsel failed to amend the petition to include facts from the proceedings on the petition for relief from judgment that support his lack of culpable negligence claim. While postconviction counsel filed a Rule 651(c) certificate of compliance, averring that he consulted with Carson and subsequently filed an affidavit detailing excuses for delay, the record does not show whether counsel knew about the petition for relief

from judgment and the reasons, if any, counsel may not have included the facts surrounding that petition as an excuse. The State's own contention shows the lack of record here. In its brief, the State claims that "[l]ogic dictates" that "petitioner would have shared with his new counsel anything which might have supported a lack of culpable negligence argument." (Emphasis added.) This assumption does not demonstrate the information counsel obtained in support of Carson's lack of culpable negligence claim.

¶ 21    This court remanded a postconviction case for further second stage proceedings due to an insufficient record in *Jackson*, 2021 IL App (1st) 190263. In *Jackson*, the defendant argued his postconviction counsel rendered unreasonable assistance by failing to include evidentiary support for his petition. *Id.* ¶ 44. This court found that it could not determine whether counsel acted unreasonably because the record was devoid of any information as to what counsel attempted to obtain or the facts she found. *Id.* Instead of finding the defendant failed to prove counsel acted unreasonably due to lack of a sufficient record, this court exercised its authority, pursuant to Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), to remand the case for further second stage proceedings so that counsel may amend and support the petition. *Jackson*, 2021 IL App (1st) 190263, ¶ 46.

¶ 22    The State argues remand is inappropriate because Carson was not prejudiced. Specifically, the circuit court did not address timeliness and denied the petition based on Carson's failure to make a substantial showing of a constitutional violation. We find *People v. Addison*, 2023 IL 127119, applicable here, even if counsel's "alleged 'deficiency' unquestionably did not factor into the circuit court's dismissal," as the State contends. In *Addison*, our supreme court held that prejudice is not required for petitioner to obtain remand for counsel's noncompliance with Rule

651(c). *Id.* ¶ 35. Quoting its prior decision in *People v. Suarez*, 224 Ill. 2d 37, 51-52 (2007), the *Addison* court reiterated:

> " '*Our Rule 651(c) analysis has been driven, not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized.* [Citations.] We have consistently declined the State's invitation to excuse noncompliance with the rule on the basis of harmless error. We refused to address questions that are properly determined in the first instance by the circuit court. The State presents no new persuasive arguments that would justify departing from our prior case law. Accordingly, we decline to hold that noncompliance with Rule 651(c) may be excused on the basis of harmless error.' " (Emphasis in original.) *Addison*, 2023 IL 127119, ¶ 33 (quoting *Suarez*, 224 Ill. 2d at 51-52).

Thus, remand is required to ensure petitioners are provided with reasonable assistance of counsel, as provided by the Act, regardless of whether the defendant's claims have merit. See *Jackson*, 2021 IL App (1st) 190263, ¶ 47 ("[r]emand is required whether or not defendant's underlying claim has merit" (citing *Suarez*, 224 Ill. 2d at 47)).

¶ 23    The State contends we should follow our supreme court's more recent decision in *People v. Cotto*, 2016 IL 119006. There, the petitioner filed a postconviction petition that advanced to the second stage. *Id.* ¶¶ 9-11. The State filed a motion to dismiss, arguing, *inter alia*, that the petition was untimely filed and postconviction counsel filed a response asserting the petitioner's reason for the untimeliness. *Id.* ¶¶ 12-13. The court granted the State's motion to dismiss without reference to timeliness. *Id.* ¶ 14. On appeal, the petitioner argued that postconviction counsel rendered

unreasonable assistance because he failed to provide an adequate excuse for delay in filing. *Id.* ¶ 44. The supreme court held the petitioner failed to demonstrate that postconviction counsel provided unreasonable assistance where the petitioner did not provide any additional information that counsel should have included on the timeliness issue and state when counsel was retained in relation to filing the petition. *Id.* ¶ 50. Our supreme court also noted the circuit court did not dismiss the petition based on untimeliness. *Id.*

¶ 24 While the *Cotto* court mentioned the basis for the dismissal in its determination, its decision does not suggest a deviation from *Suarez* and *Addison*, which held that a defendant need not show prejudice on the issue of Rule 651(c) compliance. Rather, a careful reading of *Cotto* reveals the court's ultimate holding that the defendant failed to show counsel rendered unreasonable performance. Here, conversely, we cannot determine whether counsel's performance was unreasonable, given the insufficient record. Therefore, we find the appropriate remedy is to remand this case as in *Jackson*.

¶ 25 The State further claims the petition for relief from judgment would not change any determination regarding culpable negligence because the petition was filed three years after the deadline to file the postconviction petition had expired. Again, Carson need not show prejudice to warrant remand. We also note that counsel is tasked with amending an untimely postconviction petition to allege *any available facts* necessary to establish that delay was not due to the petitioner's culpable negligence. See *Perkins*, 229 Ill. 2d at 49. As Carson states, the petition could have explained, at minimum, the delay from late 2012 to April 2014. For the foregoing reasons, we exercise our authority under Rule 615(b) to remand the case for a new second stage proceeding. On remand, postconviction counsel must consult with Carson and amend the petition to include

any excuses for the delay in filing. We also direct counsel to state on the record the attempts made to obtain any excuses supporting Carson's lack of culpable negligence claim.

¶ 26                                 IV. CONCLUSION

¶ 27    We reverse the circuit court's judgment and remand for a new second stage proceeding with directions.

¶ 28    Reversed and remanded with directions.

*People v. Carson*, 2024 IL App (1st) 221644

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 04-CR-06367; the Hon. Joseph M. Claps, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Christofer R. Bendik, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Brian A. Levitsky, and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People. |