2024 IL App (1st) 230805-U

No. 1-23-0805

Order filed August 30, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 18658 |
| | ) | |
| DELANEY JARVIS, | ) | Honorable |
| | ) | Carl B. Boyd, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We reverse the dismissal of defendant's postconviction petition at the second stage where postconviction counsel provided unreasonable assistance and remand for further second stage-proceedings with the appointment of new counsel.

¶ 2    Defendant Delaney Jarvis appeals from the second-stage dismissal of his petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). On appeal, he asserts that postconviction counsel provided unreasonable assistance by (1) failing to obtain documentation to support defendant's claim that trial counsel was ineffective for failing to

introduce exculpatory evidence of the ownership of the vehicle involved in the offense in order to impeach witness testimony and (2) failing to amend the petition to allege ineffective assistance of appellate counsel in order to overcome the procedural default of defendant's claim that trial counsel was ineffective for failing to file a motion to suppress a witness's pretrial identifications of defendant. We reverse and remand for further second-stage proceedings with the appointment of new counsel.

¶ 3      Following a jury trial, defendant was found guilty of one count of aggravated leaving the scene of a motor vehicle accident involving death and sentenced to 19 years' imprisonment. Defendant's conviction was affirmed on direct appeal. See *People v. Jarvis*, 2015 IL App (1st) 131142-U. The underlying facts are set forth in the decision on direct appeal and will be repeated here only briefly.

¶ 4      At trial, Phillip Ashworth testified that on June 11, 2011, at 7:30 p.m., he witnessed a green vehicle strike a motorcycle. The rider, Shane Kreke, fell off the motorcycle, rolled across Ashworth's vehicle, and hit the ground. Ashworth and the driver of the green vehicle exited their vehicles, and Ashworth told the driver of the green vehicle that the driver hit Kreke. The driver of the green vehicle stated he did not care, returned to his vehicle, and drove away. Ashworth identified defendant in court as the driver of the green vehicle. At the scene, Ashworth spoke to Olympia Fields police officer Scott Metzger and described defendant. Ashworth viewed three lineups: a photo array on June 22, 2011, where Ashworth failed to identify defendant; a photo array on July 7, 2011, where Ashworth identified defendant; and a physical lineup on July 17, 2011, where Ashworth also identified defendant. The two photo arrays are included in the record on appeal.

¶ 5     Metzger testified that he was dispatched to the location of the accident. There, he observed a green Kia bumper and Kreke on the ground with people rendering aid. Metzger did not see a green Kia at the scene and no one reported being involved in the accident. Metzger spoke with Ashworth at the scene.

¶ 6     Daniel Fernandez testified that in May 2011, he sold defendant a green Kia. Fernandez identified the bumper left at the scene as belonging to the vehicle. Defendant called Fernandez after June 10, 2011, and asked Fernandez not to tell anyone that Fernandez sold defendant the green Kia. Fernandez was arrested after June 2011 for a felony and had other felonies in his background. Fernandez stated that he had "beef" with one of defendant's friends and he and defendant did not like each other because of it. On redirect, Fernandez clarified that he called the Olympia Fields police department on June 21, 2011, and reported that he sold defendant a green Kia.

¶ 7     The jury found defendant guilty of one count of aggravated leaving the scene of a motor vehicle accident involving death. Defendant's counsel filed a motion for a new trial and, a day later, defendant also filed two *pro se* motions, one for a new trial and one for a "bar association attorney." Defendant's *pro se* motion for a new trial alleged, *inter alia*, that trial counsel rendered ineffective assistance by failing to offer exculpatory evidence, failing to file pretrial motions (which defendant did not identify), and failing to contact and interview witnesses and conduct a legal investigation. The motion for a "bar association attorney" requested defendant be appointed new counsel.

¶ 8     The trial court stated that a hearing would first be held on counsel's motion for a new trial and, if that were denied, the case would proceed to sentencing. Defendant was advised that the

court would not hear arguments on defendant's *pro se* motions until after sentencing. Subsequently, the court denied counsel's motion for a new trial and sentenced defendant to 19 years' imprisonment. Defendant did not file a motion to reconsider his sentence and did not request to be heard on his *pro se* motions.

¶ 9 On direct appeal, defendant alleged that (1) the trial court erred in failing to tender a jury instruction regarding witness identification testimony, (2) trial counsel was ineffective for failing to seek the jury instruction, and (3) the trial court erred in failing to conduct a preliminary hearing investigating defendant's claim of ineffective assistance of trial counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984).

¶ 10 This court affirmed defendant's conviction, finding that the trial court did not commit plain error in failing to tender the jury instruction and therefore, the issue was forfeited. This court also found trial counsel did not render ineffective assistance in failing to seek the jury instruction as counsel adequately attacked Ashworth's identification of defendant as the driver. Finally, this court found defendant's *pro se* motion consisted of bare claims and general assertions of ineffective assistance and therefore, the trial court did not err in not conducting a *Krankel* hearing. *Jarvis*, 2015 IL App (1st) 131142-U, ¶¶ 34, 40, 55.

¶ 11 On December 28, 2016, defendant filed a *pro se* petition for postconviction relief alleging that trial counsel (1) failed to conduct an adequate factual and legal investigation, (2) failed to file any pretrial motions, and (3) failed to introduce exculpatory evidence. Relevant here, defendant argued that trial counsel was ineffective for failing to (a) introduce exculpatory evidence, including proof of ownership of the green Kia, to impeach Fernandez's testimony and (b) file a motion to suppress Ashworth's pretrial identifications of defendant as suggestive. As to the latter claim,

defendant pointed out that Ashworth was unable to identify him in the first array, where five of the six persons in the array had long hair, including defendant, but did identify him in the second photo array, where every person except defendant had short hair. Defendant contended the photo arrays tainted the physical lineup and in court identification.

¶ 12    On February 19, 2016, the petition was docketed for second-stage proceedings and counsel was appointed.

¶ 13    On January 13, 2022, counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) stating:

> "1. I have consulted with the petitioner, DELANEY JARVIS, personally or by mail to ascertain his contentions of deprivation of constitutional rights.
>
> 2. I have obtained and examined the common law record, and report of proceedings, the court file, and exhibits.
>
> 3. I have reviewed petitioner's *pro se* post-conviction petition.
>
> 4. I have attempted to obtain the trial attorney's trial file.
>
> 5. I have not filed an Amended Petition for Post-Conviction Relief. The *pro se* *** petition for post-conviction relief does adequately set forth the petitioner's claims of deprivation of his constitutional rights."

¶ 14    On August 1, 2022, the State filed a motion to dismiss the petition alleging all the claims were barred by *res judicata* as they were presented in defendant's *pro se* motion for a new trial and raised on direct appeal.

¶ 15    On March 17, 2023, the court granted the motion to dismiss, concluding that all the claims were decided on direct appeal and barred by *res judicata*.

¶ 16    On appeal, defendant argues that postconviction counsel provided unreasonable assistance under Rule 651(c), as counsel (1) failed to obtain documentation to support defendant's claim that trial counsel was ineffective for failing to introduce exculpatory evidence of the ownership of the vehicle in order to impeach Fernandez's testimony and (2) failed to amend the petition to allege ineffective assistance of appellate counsel in order to overcome the procedural default of defendant's claim that trial counsel was ineffective for failing to file a motion to suppress Ashworth's pretrial identifications of defendant.

¶ 17    The Act allows defendants to challenge their convictions based on an alleged violation of their state or federal constitutional rights. *People v. Jean*, 2024 IL App (1st) 220807, ¶ 28. Postconviction proceedings follow three stages. *Id*. Defendant's petition was dismissed at the second stage. At the second stage, a defendant must make a substantial showing of a constitutional violation. *People v. Zirko*, 2021 IL App (1st) 162956, ¶ 16. Also at this stage, counsel is appointed for indigent defendants and the State may move to dismiss the petition. *Jean*, 2024 IL App (1st) 220807, ¶ 28.

¶ 18    If the State moves to dismiss the petition, the court must "not engage in fact-finding or credibility determinations but must take as true all well-pleaded facts that are not positively rebutted by the original trial record." *People v. Madison*, 2023 IL App (1st) 221360, ¶ 33. If the court determines that a defendant has made a substantial showing of a constitutional violation, the petition proceeds to a third-stage evidentiary hearing. *Id*. If not, the petition is dismissed. *Id*. A dismissal of a petition at the second stage is reviewed *de novo*. *People v. Johnson*, 2024 IL App (1st) 220419, ¶ 65.

¶ 19 In postconviction proceedings, the right to counsel is statutory, not constitutional. *People v. Carson*, 2024 IL App (1st) 221644, ¶ 17. Furthermore, counsel is required to render "reasonable assistance," a standard which is "less than that afforded by the federal or state constitutions." (Internal quotation marks omitted.) *Id*. Postconviction counsel's purpose is not to "protect postconviction petitioners from the prosecutorial forces of the State but to shape their complaints into the proper legal form and to present those complaints to the court." *People v. Addison*, 2023 IL 127119, ¶ 19.

¶ 20 To ensure postconviction counsel renders reasonable assistance, Rule 651(c) provides that counsel must (1) consult with the defendant by phone, mail, or other means to ascertain the defendant's contentions, (2) examine the record of the proceedings at trial, and (3) make the necessary amendments to the *pro se* petition to adequately present the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Substantial compliance with this rule is required. *Addison*, 2023 IL 127119**,** ¶ 21. Counsel may file a certification that he or she complied with the rule or the record as a whole may demonstrate compliance. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *People v. Perkins*, 229 Ill. 2d 34, 50 (2007).

¶ 21 Once counsel files a Rule 651(c) certificate, a rebuttable presumption that counsel provided reasonable assistance arises and the defendant bears the burden of overcoming that presumption by showing that counsel did not substantially comply with the rule. *Addison*, 2023 IL 127119**,** ¶ 21. The rebuttable presumption may be overcome by a defendant showing that counsel failed to make necessary amendments to a *pro se* petition, including those needed to overcome procedural bars. *Id*. However, counsel is not required to amend a petition to advance frivolous claims. *People*

*v. Gallano*, 2019 IL App (1st) 160570, ¶ 30. Whether postconviction counsel substantially complied with Rule 651(c) is reviewed *de novo*. *Jean*, 2024 IL App (1st) 220807, ¶ 30.

¶ 22    Here, defendant's postconviction counsel filed a Rule 651(c) certificate stating that she consulted with defendant, reviewed the trial file including the common law record and transcripts, and did not file an amended petition as the *pro se* petition adequately set forth defendant's claims. Therefore, there exists a rebuttable presumption that defendant's counsel substantially complied with Rule 651(c) and provided reasonable assistance during postconviction proceedings.

¶ 23    Defendant argues that postconviction counsel failed to comply with Rule 651(c) because counsel failed to amend the *pro se* postconviction petition to allege appellate counsel's ineffectiveness for failing to argue trial counsel's ineffectiveness for not filing a motion to suppress Ashworth's pretrial identifications of defendant. Defendant asserts the identifications were the result of suggestive procedures. Defendant notes the ineffective assistance of trial counsel claim was evident from the trial record and therefore could have been raised on direct appeal. In order for the claim to survive forfeiture for failure to raise it on direct appeal, the claim of ineffective assistance of appellate counsel was a necessary amendment to the postconviction petition.

¶ 24    The State alleges that postconviction counsel was not required to amend the petition to include this claim because the underlying issue was decided on direct appeal and barred by *res judicata*. See *People v. Resendiz*, 2020 IL App (1st) 180821, ¶ 20 (issues decided on direct appeal are barred by *res judicata* and issues that could have been raised on direct appeal, but were not, are forfeited).

¶ 25    The claim is not barred by *res judicata*. On direct appeal, defendant alleged that (1) the trial court erred in failing to tender a jury instruction regarding witness identification testimony,

(2) trial counsel was ineffective for failing to seek the jury instruction, and (3) the trial court erred in failing to conduct a preliminary hearing investigating defendant's claim of ineffective assistance of trial counsel pursuant to *Krankel*. Regarding the third issue, this court ruled that defendant's *pro se* posttrial motion consisted of bare claims and general assertions lacking any particulars and was insufficient to invoke a *Krankel* hearing. As a result, on direct appeal, this court did not rule on the merits of defendant's claim that trial counsel was ineffective for failing to file unspecified pretrial motions, let alone on the merits of a claim that trial counsel was ineffective for failing to file a motion to suppress Ashworth's pretrial identifications. As such, the claim was not barred by *res judicata* when defendant raised it in his postconviction petition. *People v. Blair*, 215 Ill. 2d 427, 443 (2005) ("The doctrine of *res judicata* bars consideration of issues that were previously raised and decided on direct appeal").

¶ 26    The claim was, however, as defendant points out, subject to forfeiture. Although photographs of the two photo arrays underlying the claim are included in the trial court record, defendant failed to raise the claim on direct appeal. Accordingly, the claim was procedurally barred. See *People v. Myers*, 2023 IL App (1st) 210642, ¶ 40 (defendant precluded from raising a claim in a postconviction petition that could have been raised on direct appeal but was not).

¶ 27    An amendment to defendant's *pro se* petition alleging ineffective assistance of appellate counsel for not raising trial counsel's ineffectiveness could have properly framed defendant's postconviction claim for consideration, overcoming the procedural bar of forfeiture. *Addison*, 2023 IL 127119, ¶ 23. Postconviction counsel's duty to adequately present a defendant's claims as required by Rule 651(c) includes making amendments that would overcome procedural bars, including alleging claims of ineffective assistance of appellate counsel for failure to raise a claim

on direct appeal when necessary to survive procedural default. *Perkins*, 229 Ill. 2d at 44. Consequently, the presumption of compliance with Rule 651(c) is rebutted by the record. *Addison*, 2023 IL 127119, ¶ 44. Therefore, postconviction counsel did not substantially comply with the third requirement of Rule 651(c) and rendered unreasonable assistance in this regard. *Id.*

¶ 28 When counsel fails to substantially comply with Rule 651(c) by failing to allege a claim of ineffective assistance of appellate counsel to overcome forfeiture, the cause should be remanded without consideration of the merits of a defendant's claim. *Id.* ¶ 33. In so ruling, we need not reach the other grounds on which defendant argues that postconviction counsel failed to provide reasonable assistance. See *People v. Arnold*, 2023 IL App (2d) 220396-U, ¶ 22; *People v. Wills*, 2023 IL App (4th) 221016-U, ¶ 20; *People v. Clark*, 2023 IL App (3d) 210344-U, ¶¶ 20-21.[1]

¶ 29 For the foregoing reasons, we reverse the judgment of the circuit court and remand for further second-stage postconviction proceedings with the appointment of new counsel.

¶ 30 Reversed and remanded.

---

[1] Although nonprecedential, orders filed under Supreme Court Rule 23(b) on or after January 1, 2021, may be cited as persuasive authority. Ill. S. Ct. R. 23(b), (e)(1) (eff. Feb. 1, 2023).